In the Matter of the Appraisal of the Property of CATHARINE L. LANGDON, Deceased, under the Act in Relation to Taxable Transfers of Property.

TRANSFER TAX — TRANSFER TO REMAINDERMEN UNDER WILL GIVING POWER OF DISPOSITION TO LIFE TENANT — NON-EXERCISE OF POWER. Where a will gives property to one for life, with power of disposition during life and by will, and provides that the residue remaining at his death undisposed of shall pass to certain persons named, and the life tenant by will directs his executors to distribute the property "according to the provisions of the will" of the first testator, by delivering the same to the executors named in that will for that purpose, such direction is not an exercise of the power of disposition, but the property is deemed to

have passed directly to the remaindermen under the will of the first testator; and such transfer is not taxable under the Transfer Tax Act of 1892 (Ch. 399), where the death of the first testator occurred prior to legislation taxing transfers by will.

*Matter of Langdon*, 11 App. Div. 220, affirmed.

(Argued April 19, 1897; decided May 4, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made December 30, 1896, which affirmed an order of the surrogate of Dutchess county.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Emmet R. Olcott*, for the county treasurer of Dutchess county, appellant. The beneficiaries took by virtue of the execution of the power of appointment contained in the will of Catharine Langdon. The power of appointment was executed by the will of Walter Langdon. (Chaplin on Trusts, 533; *In re Piffard*, 111 N. Y. 410; *Dyer* v. *Ewing*, 2 Dem. 160; *Jackson* v. *Babcock*, 12 Johns. 388; 2 R. S. [6th ed.] 1118, § 147.) Where persons take under a power of appointment their interests vest and the right of incumbrance of the state attaches at the date of the execution of the power. (*Dixon* v. *Storm*, 5 Redf. 419; *In re Stewart*, 131 N. Y. 274; 2 Washb. on Real Prop. [5th ed.] 734; *Jackson* v. *Davenport*, 20 Johns. 536; *In re Johnson*, 47 N. Y. S. R. 391; *Siebert's Appeal*, 110 Penn. St. 329; *Reisch* v. *Commonwealth*, 106 Penn. St. 521.) The provisions of chapter 399 of the Laws of 1892 are not restricted to transfers by deed, but extend to transfers effected by will where the right of succession thereunder vests or accrues subsequent to the passage of that act. (*In re Forsythe*, 32 N. Y. Supp. 175; *In re Brooks*, 32 N. Y. 176; *Talmage* v. *Seaman*, 85 Hun, 242; *In re Davis*, 149 N. Y. 539; *In re Hoffman*, 143 N. Y. 334; *In re Swift*, 137 N. Y. 77; *In re Sutton*, 3 App. Div. 208; *In re Stiger*, 7 Misc. Rep. 268; *In re Curtis*, 142 N. Y. 219; *In re Bronson*, 150 N. Y. 1; *In re Whiting*, 150 N. Y. 27; *In re Houdayer*, 150 N. Y. 37.)

*Allison Butts* for executor et al., respondents. The right of succession passed at the death of the testatrix, Mrs. Langdon, to wit, December 25, 1883, and notwithstanding the possession did not pass until the death of the life tenant, the transfer or succession took place prior to the enactment of any inheritance tax law. (*In re Seaman*, 147 N. Y. 69.) The right of succession passed at the death of Mrs. Langdon whether the legacies were vested or contingent. (*In re Stewart*, 131 N. Y. 274; *In re Curtis*, 142 N. Y. 219.) The legacies given by the will of Mrs. Langdon were future estates and were vested. (1 R. S. 773, § 2; Redf. on Surr. Prac. [6th ed.] 611; *In re Mahan*, 98 N. Y. 376; *In re Seaman*, 147 N. Y. 74; *Nelson* v. *Russell*, 135 N. Y. 137.) The property in question is the estate of Mrs. Langdon, and passes under her will. (*Leggett* v. *Firth*, 132 N. Y. 7–11; *Crozier* v. *Bray*, 120 N. Y. 366; *Rose* v. *Hatch*, 125 N. Y. 427; *Greyston* v. *Clark*, 41 Hun, 125; *In re Cager*, 111 N. Y. 343.) Mr. Langdon's ownership was not an absolute estate in fee. (*In re Cager*, 111 N. Y. 343.)

O'BRIEN, J. The surrogate reversed and vacated his own order which imposed a transfer tax under the statute (Laws 1892, ch. 399), amounting to nearly $15,000, upon certain property that came to the hands of the executor of Catharine Langdon, deceased. The Appellate Division has affirmed the order, and, as we think, properly.

Mrs. Langdon died on the 25th of December, 1883, leaving a will which was admitted to probate June 25, 1884. This was before the enactment of any statute authorizing the imposition of a tax upon transfers of property by will. By her will she disposed of a large estate to various legatees and devisees.

The residuary estate she devised and bequeathed to her husband, Walter Langdon, to be held, used, enjoyed and disposed of by him at his pleasure so long as he should live, and with the right to dispose of the same upon his death by will, or so much thereof as should then remain.

It was also provided that such residue, or so much thereof

as should remain at his death undisposed of, should then pass to two legatees named or to the survivor.

Walter Langdon, the husband, died on the 16th of September, 1894, leaving a will, which was admitted to probate December 4, 1894, and it contained the following provision with respect to the property bequeathed to him for life by the will of his wife, with power of disposition by will:

"*First.* I direct my executors to keep the estate of my deceased wife separate from my estate, and to distribute her estate according to the provisions of her last will and testament, by delivering the same to the executors named in her will for that purpose."

This is the only way that it is claimed that he executed the power of disposition in the will of his wife, and upon his death the property so remaining, amounting to nearly $300,000, was delivered by his executor to the executor of the wife, and this is the transfer upon which the tax was imposed.

It has been held that where a vested, though defeasible interest in remainder passes under a will to the remainderman on the testator's death, though the possession does not pass till the death of the life tenant, the transfer or succession is referred to the time of the death of the testator, and if that occurred prior to the enactment of the act taxing transfers of property, the remainder is not taxable. (*In re Seaman,* 147 N. Y. 69; *In re Stewart,* 131 N. Y. 274; *In re Curtis,* 142 N. Y. 219.)

The property in question came to the hands of the executor of Mrs. Langdon for the purpose of distribution to the legatees in remainder named in her will and who took upon the contingency that the husband failed to dispose of it by his will. These legatees in remainder took under her will and not under the will of her husband. The husband did not in any fair or substantial sense exercise the power of disposition conferred upon him by his wife. The provision of his will above quoted was in fact a relinquishment or renunciation of that right. It was a declaration of his purpose not to exercise the power, but to allow the property to pass under the

2

will of the wife. It had no effect whatever upon the devolution of the property. The property would pass in precisely the same way if the husband had made no will. If he had exercised the power in favor of the legatees in remainder named by his wife, then we think the principle stated in the cases to which reference is made would be applicable unless there is some distinction which we do not perceive.

But since in this case the property passed directly under the will of the wife, and not through the medium of a power in the husband, and the will antedated the law, the statute has no application to the case. It is not important, therefore, to inquire whether the property would be subject to the tax in case the power in the husband had been exercised. The case was properly disposed of in the courts below and the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.