(43 App. Div. 188.)

## In re HARBECK'S ESTATE.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. INHERITANCE TAX—CONSTRUCTION OF STATUTE.

Laws 1892, c. 399, provides that a tax "shall be and is hereby imposed upon the transfer of any property, real or personal * * * in the following cases: (1) When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed of the property, while a resident of the state. (2) When the transfer is by will or intestate law, of property within the state, and the decedent was a nonresident of the state at the time of his death. (3) When the transfer is of property made by a resident or nonresident, when such nonresident's property is within this state, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect, in possession or enjoyment, at or after such death." Then follows a clause: "Such tax shall also be imposed when any such person or corporation becomes beneficially entitled, in possession or expectance, to any property or the income thereof by any such transfer, whether made before or after the passage of the act." *Held*, that the latter clause is not limited to the transfer by gift causa mortis specified in the third subdivision, but refers to the transfers specified in each of the three subdivisions.

2. SAME—BENEFICIARIES DESIGNATED UNDER POWER OF APPOINTMENT.

Where testator by his will gave to his executors in trust the sum of $300,000 to pay the income to his wife during her life, and upon her death to pay the principal to such person or persons as his wife should designate in her last will, and in default of such last will to pay it to her heirs at law, and by her last will she designates such persons, they become beneficially entitled, in possession or expectancy, to the principal at the time of her death; and it is subject to the inheritance tax, under Laws 1892, c. 399, providing that the tax shall be imposed when any of the persons described become beneficially entitled, in possession or expectancy, to the property transferred.

3. STATUTES—AMENDMENT—CONSTRUCTION BY LEGISLATURE.

Where an amendment to a statute makes clear a question that had been raised as to the scope of the statute, but not decided, it should not be considered a legislative declaration that the statute prior to the amendment was not broad enough to include the matter contained in the amendment, as the obligation of construing a statute rests on the court, and not the legislature.

Appeal from surrogate's court, New York county.

In the matter of the estate of John H. Harbeck, deceased. Appeal from decree of surrogate declaring that the trust fund held by Charles T. Harbeck as trustee is subject to the inheritance tax. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Alfred S. Brown, for appellant trustees.

Henry A. Himmelmann, for appellant special guardian of the infants.

Emmet R. Alcott, for respondent comptroller.

INGRAHAM, J. One John H. Harbeck, a resident of the city of New York, died on February 2, 1878, leaving a last will and testament, which was admitted to probate in the county of New York on February 19, 1878, by which he gave to his executors in trust the sum of $300,000, to pay the income thereof to his wife, Eliza

D. Harbeck, for life, and upon her death to pay and deliver over the aforesaid principal sum of $300,000 to such person or persons as the said Eliza D. Harbeck should in and by her last will and testament give and bequeath the same, and, in default of such last will and testament, then to pay over and deliver the same to such person or persons, and in the same proportions, as by the present laws of the state of New York would take and inherit real estate from the said Eliza D. Harbeck in case of her dying intestate seised and possessed thereof. Eliza D. Harbeck, the donee of this power, died January 16, 1896, a resident of New York. She left a will, which was admitted to probate on February 3, 1896, in the county of New York, by which she designated the persons who should receive this fund of $300,000. At the time of the death of John H. Harbeck there was no transfer tax law in force. At the time of the death of Eliza D. Harbeck, the donee of the power, the inheritance tax law of 1892 (Laws 1892, c. 399) had been passed, and the question presented is whether this trust fund was subject to taxation under that act. It is claimed by the comptroller that this trust fund is taxable under section 1 of the act. The question is whether the persons appointed to receive this trust fund, and who are entitled to it, became beneficially entitled, in possession or expectancy, to their interest therein upon the exercise of the power of appointment by the donee of the power. This question does not seem to have been decided by the court of appeals or by this court.

This section of the inheritance tax act has been subject to considerable judicial discussion. It provides that a tax—

"Shall be and is hereby imposed upon the transfer of any property, real or personal, * * * in the following cases: (1) When the transfer is by will or by the intestate laws of this state from any person dying seised or possessed of the property, while a resident of the state. (2) When the transfer is by will or intestate law, of property within the state, and the decedent was a nonresident of the state at the time of his death. (3) When the transfer is of property made by a resident or nonresident, when such nonresident's property is within this state, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect, in possession or enjoyment, at or after such death."

Those subdivisions provide for tax when the transfer is—First, by will or intestate law, where the deceased is a resident of the state; second, by will or intestacy, where the deceased is not a resident of the state, and there is property within the state, and, third, by deed, grant, or conveyance made in contemplation of death. Then follows the clause in question:

"Such tax shall also be imposed when any such person or corporation becomes beneficially entitled, in possession or expectance, to any property or the income thereof by any such transfer, whether made before or after the passage of the act."

It has been claimed—and that claim is also insisted upon in this case—that this last clause relates only to a transfer of property by gift causa mortis, specified in the third section, and does not relate to a transfer by will or by intestacy, and that there are expressions in the opinion of Judge Finch in Re Seaman's Estate, 147 N. Y. 74, 41 N. E. 401, which would tend to support that conten-

tion. The case, however, was not decided upon that ground, but upon the ground that the bequest or devise took effect prior to the passage of the tax law; and it would seem that a fair construction of the statute, as well as the trend of subsequent decisions, is opposed to this view. The words "such transfer," in the clause before quoted, evidently refer to the transfer named at the commencement of the section, and not to the transfer specified in either of the three subdivisions. There is nothing to show that it was the intention of the legislature to make a distinction between a transfer by will or intestate law and by gift causa mortis, and place a tax upon one transfer, and not upon another. The provision of the statute which imposes the tax, and which clearly applies to the transfer specified in three of the subdivisions, comes immediately after the clause in question, and is related to the three subdivisions of the section, just as this clause is. The section can be made coherent by considering that subdivision 2 of the section ends with the word "death," and the subsequent provisions apply to the transfer under all the subdivisions. It would then be clear that it was the intention to impose a tax upon a transfer, whether by will, intestacy, or gift causa mortis, when any person or corporation not exempt by law from taxation becomes beneficially entitled, in possession or expectancy, by any such transfer, whether made before or after the passage of the act.

It is, however, well settled that this act has no retroactive effect, and that the tax is not a tax upon property which is transferred, but upon the right of succession. In re Swift, 137 N. Y. 88, 32 N. E. 1096. Thus, the tax is imposed when that right of succession was created or came into being. When did the persons appointed to receive this trust estate become beneficially entitled, in possession or expectancy, to the property? It is undoubtedly true that, where the donee of a power has a right of selection, the interest appointed vests in the appointee at the time of the appointment, but his title relates back to, and is acquired under, the instrument creating the power. In re Stewart, 131 N. Y. 274, 30 N. E. 184; Jackson v. Davenport, 20 Johns. 537. Those who take under a power of appointment take as though their names were in the grant of the power. Duke of Marlborough v. Godolphin, 2 Ves. Sr. 61. "The act of the appointment becomes a part of the power itself. It attaches to it, gives it identity. Like the recording of a deed, it adheres to the original instrument. The appointees have not two titles, but one title evidenced by connected lawful instruments of writing, conducive to the same end." Com. v. Williams' Ex'rs, 13 Pa. St. 29. In Jackson v. Davenport, supra, the chancellor, in speaking of this rule, says:

"The meaning of the rule was that persons taking under a power must take in the same manner as if the power and the instrument creating the power had been incorporated in one instrument, but not in the same time. The title is derived from the act creating the power, but the time of vesting of the right is the time of the act of execution of the power."

Thus, although these beneficiaries would undoubtedly take by virtue of the will of John H. Harbeck, the interest appointed would

vest in the appointee at the time of the appointment (In re Stewart, supra); and it would seem that at the time of the appointment the interest vested, and that the persons named became beneficially entitled to the property. It was at that time that the right of succession which is taxed became vested, and at that time the tax was, by operation of the statute, imposed. None of the cases cited appear to be opposed to this view. In re Seaman's Estate, 147 N. Y. 75, 41 N. E. 401, was a case where, by a will made before the passage of the act, the property was given to trustees to pay the income thereof to the testator's niece during her natural life, and upon her decease to the children of the testator's nephew living at the time of her death, share and share alike. It was held that a right of succession to the estate in remainder passed at once on the death of the testator to the four children, and was a vested interest, though subject to be defeated or modified by subsequent contingencies; the court saying:

"A right of succession passed to the four children of George at the death of the testator. It came from him, it was transferred by him, taking effect at his death, and passed then or never."

In re Stewart, supra, where the property was left to a trustee, with a direction to apply a portion of the trust property for a specific purpose, and with power to appoint any part of the trust estate, which, in his opinion, would not be required for the purposes of the trust, among any of the legatees named in the will, that power having been exercised over three years after the death of the testator, the question presented was whether the interest of a person appointed to receive a portion of the estate was taxable. In discussing that question, the court said:

"Until the power had been exercised, no one of the class could maintain that he was entitled to any part of the fund. It is very clear, then, that there was no basis for fixing a tax at the death of Mrs. Stewart, on the mere possibility which Charles J. Clinch had, that the power of appointment might be exercised in his favor. * * * The possibility, however, became a certainty when on the 16th day of January, 1890, the donee of the power of appointment exercised it in favor of members of the class mentioned in the will, and set apart to Clinch the tenth part of the trust fund. To the extent of such application, Clinch became vested as of that date with an interest in the estate of Mrs. Stewart. * * * Where the donee of the power has the right of selection, the interest appointed vests in the appointee at the time of the appointment, but his title relates to, and is acquired under, the instrument creating the power."

Applying what is there said to the case at bar, it must follow that the title of the appointees was acquired under the will of John H. Harbeck, but such interest vested in them upon the execution of the power by the donee at the time of the probate of her will. In re Langdon's Estate, 153 N. Y. 9, 46 N. E. 1034, the will of Mrs. Langdon gave her residuary estate to her husband, with a power of disposition upon his death by will, and with a provision that so much as should remain at the time of his death, undisposed of, should pass to two legatees named, or to the survivor; and it was held that this was a vested remainder, which passed, under the will of the wife, to the remainder-man on the death of the testator, and, although subject to be devested, the transfer or

succession is referred to the time of the death of the wife, and that, if that occurred prior to the enactment of the act taxing transfers of property, the remainder is not taxable. But the question as to whether the property would be subject to the tax in case the power in the husband had been exercised was expressly reserved. In my view of the act, therefore, it follows that, this property having vested in the appointees upon the death of Mrs. Harbeck, they then became beneficially entitled to the property, and it is subject to the tax.

Nor do I think that the subsequent act of the legislature by which this act is amended (Laws 1897, c. 284) requires us to give it a different construction. The obligation of construing an act of the legislature is upon the courts, and not upon the legislature. The act of 1897, as passed, makes provision not only for the taxation of property which vests under a power of appointment, but also of that which vests under a will, where a person in whom is vested a power of appointment fails to exercise the same, and provides that a taxable transfer shall be deemed to take place at the time of such failure to exercise the power. The court of appeals, in the Langdon Case, supra, had held that such a transfer was not taxable, and that a statute passed to supply this omission, and to which was added a clause which would make clear a question that had been raised but not decided, should not be considered a legislative declaration that such a transfer was not within the provisions of the act as it stood before the passage of the amendment, when it would appear to be clearly within it.

We think, therefore, that the decree of the surrogate was right, and that it should be affirmed, with costs. All concur.