E. R. LACEY, Administrator of the Estate of JOHN SMITH, Appellant, v. THE TREASURER OF THE STATE OF IOWA.

Taxation: COLLATERAL INHERITANCE STATUTE: RETROACTIVE EFFECT.
1 The collateral inheritance statute has no retroactive effect, and is therefore not applicable to rights which had become vested prior to its taking effect. So that real estate which passed to heirs

before the act became effective, although they may not have taken possession until afterwards, is not subject to the tax; nor does it apply to personal bequests under a will probated before the passage of the act, although the estate may not have been settled until afterward.

**Same:** TRANSFER OF PRESENT INTEREST IN PROPERTY: TESTAMENTARY
2  DISPOSITION.  A contract in the nature of a conveyance, creating at the time of its execution a vested interest in real property, subject only to a postponement of the right of possession and enjoyment until the death of the grantor, is not a testamentary disposition of the property but is in effect a transfer of a present interest therein; and its character as such is not affected by a condition therein which may subsequently happen, as to the amount of the shares which the grantees may respectively take; and the interests thus acquired are not subject to the collateral inheritance tax.

**Same:** VESTED REMAINDERS.  An interest in property created by will
3  or deed in the nature of a remainder becomes vested at the time the instrument takes effect, and is not subject to an inheritance tax under a statute subsequently passed.
Deemer, J., dissenting.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

SATURDAY, OCTOBER 21, 1911.

THIS is a suit brought for the purpose of having determined the question whether certain real estate was subject to collateral inheritance tax.  A demurrer to the petition was sustained, and on plaintiff's election to stand upon his petition the action was dismissed and the plaintiff appeals.  *Reversed.*

*C. A. Carpenter,* for appellant.

*H. W. Byers,* Attorney-General, *W. H. Hurley,* County Attorney, and *Oscar Hale,* for appellee.

MCCLAIN, J.—Prior to 1892, Ellen Cavanaugh died

seised in fee of a certain quarter section of land, and left a will purporting to devise this land to John Smith, of whose estate plaintiff is the administrator. The lawful heir of Ellen Cavanaugh was her mother, Sarah Barton, whose heirs presumptive were the brother and two sisters of Ellen Cavanaugh, to wit, Geo. H. Cavanaugh, Sarah Burns, and Emma J. Raymond. Sarah Barton threatened to contest the will of her daughter, Ellen Cavanaugh, devising the land above mentioned to John Smith, whereupon (January 11, 1892), a written agreement was entered into between John Smith, on the one hand, and George H. Cavanaugh, Sarah Burns, and Emma J. Raymond, on the other hand, the material portions of which are as follows:

This agreement witnesseth: That in consideration that George H. Cavanaugh, Sarah Burns, and Emma Raymond, brother and sisters of Ellen Cavanaugh, deceased, have this day agreed to allow John Smith to probate the will of the said Ellen Cavanaugh without protest, said will giving to John Smith all property of the said Ellen Cavanaugh owned by her in September, 1889, and further agreeing to allow said John Smith to take and hold all property accumulated by Ellen Cavanaugh since that time, and owned by her at the time of her death, and they agree to allow the said John Smith to take and use the said land of Ellen Cavanaugh, to wit, the southwest quarter of section 4—74—4 during his lifetime, controlling and receiving for his use and benefit all of the rents and profits therefrom as long as he shall live, and in consideration of the foregoing said John Smith agrees that he will pay to Sarah Barton, mother of George Cavanaugh, Sarah Burns and Emma Raymond, an annuity of $104 per year, payable December 1st of each year as long as she shall live, unless said annuity is terminated by the death of John Smith.

John Smith further agrees that he will, so far as possible, keep all property, real and personal, left by Ellen Cavanaugh, and now owned by him, intact. Will not sell any of the land described as southwest quarter and the west half of southeast quarter and south half of northeast quarter and north half, northeast quarter, southeast quar-

ter, all in section 4—74—4, unless it becomes necessary to sell same to pay the incumbrance thereon of $4,000. Should said incumbrance become due, said George Cavanaugh, Sarah Burns and Emma Raymond, or either of them may pay off same, or any part, and hold the amount so paid as a lien against the said land. . . .

In consideration that John Smith takes and keeps, during his natural lifetime, all the rents and profits of said land, with full use and control thereof, during said period, he agrees to and with the said George H. Cavanaugh, Sarah Burns, and Emma Raymond, that upon his death they may take the same, share and share alike, and the land above described shall be equally divided among them. If their mother, Sarah Barton, should survive this grantor, John Smith, then she is to take an equal share with the rest.

This agreement was duly filed of record. It is to be noticed that the contract covers not only the quarter section of land covered by the specific devise to him in the will of Ellen Cavanaugh, but other land which it is conceded would have passed to him under the terms of the will.

John Smith remained in the possession and enjoyment of all the land described in the contract, either through himself or his tenants, until his death in 1906, when plaintiff was appointed administrator of his estate. The sole controversy is as to whether his interests in the land conveyed by the contract to George H. Cavanaugh, Sarah Barton, and Emma J. Raymond are subject to collateral inheritance tax under the statutory provision that "all property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale or gift made or intended to take effect in possession or in enjoyment after the death of the grantor or donor, to any person in trust or otherwise (with certain exceptions not here material) shall be subject to" such tax. Code, section 1467. This

statutory provision became a part of the law of the state in 1896.

I.   This statute is not to be given a retroactive effect. There is nothing in the language used to indicate that any rights which had accrued or become vested prior to the taking effect of the statute were in any way to be affected thereby.   No doubt the Legislature could impose as a condition on every transfer, conveyance, or devise, made after the taking effect of a statute so declaring, that when the purchaser should come into possession or enjoyment of any interest in real property described he should pay a tax; but, in the absence of any language indicating that the tax should be exacted from interests transferred or created prior to the taking effect of the statute, the natural and reasonable construction would be that the statute had no application to any such interests in property.   Not only is this the result of the general rule that statutes are not to be given a retroactive effect, unless required by the language employed, but it is the specific conclusion which has been generally reached with reference to collateral inheritance taxes.   *Lambard, Appellant, In re Collateral Inheritance Tax,* 88 Me. 587 (34 Atl. 530); *State v. Probate Court,* 102 Minn. 268 (113 N. W. 888); *Carter v. Whitcomb,* 74 N. H. 482 (69 Atl. 779, 17 L. R. A. (N. S.) 733).

This court has expressly held that the statute has no application to interests in land passing to heirs prior to its taking effect, although such heirs have not asserted their rights or gone into possession until after the taking effect of the statute.   *Herriott v. Potter,* 115 Iowa, 648. It is also held that even bequests of personal property, made in a will probated before the taking effect of the statute, are not subject to the tax, although the estate of the testator may remain unsettled and the legacies unpaid until after the statute had gone into effect.   *Gilbertson v.*

*Margin note beside paragraph I:*
1. TAXATION: collateral inheritance statute: retroactive effect.

*Ballard,* 125 Iowa, 420. In the case last cited we said: "The only fair construction to be given this language is that it refers to property which shall thereafter pass, and, if so, the tax is not exacted on any which has been previously transferred by any of the modes mentioned." If, therefore, the interests of the parties now claiming title to the land in question under the contract made between them and John Smith passed to them by virtue of that contract, then the statute has no application, even though they may not have been in possession or enjoyment of such interests prior to the taking effect of the statute.

II.   The contract did not amount to a testamentary disposition of property to take effect only on the death of the owner, under the general rules of law marking out the distinction between conveyances and testamentary dispositions, but was in effect a conveyance of present interests. There was no contingency dependent on the exercise of any power reserved to the grantor which might defeat the grant. There was nothing to indicate that the right to these interests was to accrue or vest only on the grantor's death. On the contrary, the contract is in the nature of a conveyance, expressly creating at the time of its execution a vested right in the property, subject only to a postponement of right of possession and enjoyment until the termination of a life estate reserved to the grantor. A contingency was provided for by way of condition subsequent, to the effect that, if Sarah Barton survived at the termination of the life estate, she should take an equal share with her children in the property, in consequence of which stipulation the respective interests of the three children would be only one-fourth of the property, instead of one-third of the property; but it is plain that the right of the three children to each take in enjoyment and possession one-third of the property, subject only to contingency as to the amount of the share as above

2. SAME: transfer of present interest in property: testamentary disposition.

indicated, vested and became perfect when the contract was executed. Such an arrangement does not constitute a testamentary disposition, but a grant. *Craven v. Winter,* 38 Iowa, 471; *Saunders v. Saunders,* 115 Iowa, 275; *Tuttle v. Raish,* 116 Iowa, 331; *Crocker v. Smith,* 94 Ala. 295 (10 South. 258, 16 L. R. A. 576). Even though the interest granted is upon a condition subsequent, the happening of which may diminish or destroy it, which condition can not be determined until the death of the grantor, still the interest granted is vested. *Lamb v. Morrow,* 140 Iowa, 89; *In re Hitchins' Estate,* 43 Misc. Rep. 485 (89 N. Y. Supp. 472). If the right to the property passed by the conveyance beyond the control of the grantor, it was a vested right; it was not a mere expectancy, like the prospective right of an heir, or the inchoate right of a wife, and it was therefore not subject to burdens which the Legislature might attempt to impose by retrospective laws. Cooley, Constitutional Limitations (7th ed.), 508, 528.

III. Specifically, it has been held without any apparent conflict in the authorities that an interest in property created by will or deed in the nature of a remainder

3. SAME: vested remainders. becomes a vested interest from the time the will or deed takes effect, and that a subsequent collateral inheritance tax statute has no application to it. Thus, where a will creates a remainder subject to a life estate, with an added power given to the life tenant to dispose of the property if he shall elect to do so, the interest of the remainderman is vested as against a subsequent inheritance tax statute, although it may not be possible to determine until the end of the life estate, and after the taking effect of the statute, what portion, if any, of the property will be left for enjoyment by the remainderman. *In re Langdon,* 153 N. Y. 6 (46 N. E. 1034); *In re Lansing's Estate,* 182 N. Y. 238 (74 N. E. 882); *Winn v. Schenck* (Ky.), 110 S. W. 827. Even though

the remainder is so far conditional that it may have to be opened up to let in after-born children, and, on the other hand, may be divested by death without issue of the person named, nevertheless it constitutes a vested interest, not subject to a subsequent collateral inheritance tax stat-. ute, passed before the termination of the life estate. *In re Seaman,* 147 N. Y. 69 (41 N. E. 401). Any attempted legislation imposing a collateral inheritance tax upon interests in remainder, which have become vested by the taking effect of the will. creating them, would be unconstitutional. *In re Pell,* 171 N. Y. 48 (63 N. E. 789, 57 L. R. A. 540, 89 Am. St. Rep. 791).

It must be borne in mind that we are discussing the question as to the applicability of a collateral inheritance tax statute to interests in property created by will or deed prior to its taking effect. We have nothing to do now with the construction of our statute as applicable to interests created by will or deed subsequently made. This consideration disposes of many of the authorities cited for appellee by showing them to be inapplicable. The trial court in its ruling upon the demurrer evidently proceeded upon the theory that our statute, enacted after the creation of a remainder, but prior to the time when, by the termination of the life estate, the remainderman becomes entitled to the possession and enjoyment of the property, is applicable to such right of possession and enjoyment; but we reach the conclusion that this theory is erroneous.

The judgment of the trial court is therefore *reversed.*

Deemer, J.—I am not satisfied with the conclusion reached in this case. My views are expressed in an opinion heretofore filed in this case, found reported in 121 N. W. 179, to which reference is made.