W. W. MORROW, Treasurer of State, Appellant, v. HENRY DEPPER, MARIA ANNA WEBER and MARIA ANNA LICKTEIG.

**Taxation:** COLLATERAL INHERITANCE TAX: APPLICATION OF LAW. The collateral inheritance tax law contains no retroactive provision, and is therefore not applicable to an interest in property which had vested prior to the time it took effect, even though the interest acquired was subject to contingencies which might affect the future enjoyment thereof.

*Appeal from Kossuth District Court.*—HON. D. F. COYLE, Judge.

FRIDAY, DECEMBER 15, 1911.

ACTION to recover an inheritance tax. The case was submitted on an agreed statement of facts and plaintiff's claim was disallowed. Plaintiff appeals.—*Affirmed.*

*H. W. Byers,* Attorney-General, *John Fletcher,* Assistant Attorney-General, and *L. J. Dickinson,* County Attorney, for appellant.

*Sullivan & McMahon,* for appellees.

McCLAIN, J.—Prior to the year 1896 these defend-
ants and other persons, among whom were Maria Anna
Schneider and Maria Anna Becker, belonged to a semi-
religious community, the principal object of which was
to erect a church and other buildings for religious pur·
poses in Waldfischbach, Bayerische Rheinpfalz, Germany,
to which object they had for a number of years been do-
nating large sums of money, and to which object they
intended to donate all their accumulations, except that part
necessary for their support during their lifetime.   On June
30, 1896, the defendants joined with Mrs. Schneider and
Mrs. Becker, above named, in executing a trust deed (re-
corded the following day), in which. it was recited that,
in consideration of the mutual benefits to be derived by
them from the instrument, they, as absolute owners in fee
of the property on which an inheritance tax is now sought
to be collected, mutually, jointly, and severally conveyed
said real estate to themselves as trustees for the purposes
thereinafter set forth, subject to the conditions and provi-
sions that at the death of each the remaining living parties
should continue as surviving trustees, holding title to said
real estate for the purposes provided, said property to
be owned, enjoyed, and possessed by them as trustees dur-
ing their natural lives for their support and maintenance,
with the further provision that said real estate might be
sold by said trustees and a conveyance given by them, the
proceeds to belong to them as trustees and become a part
of the found for the purposes therein specified, and that
upon the decease of the last one of them all the property,
including its proceeds, should vest in the priest in charge
at that date of St. Benedict's Church of Prairie Township,
Kossuth County, Iowa, as succeeding trustee for the same
purposes.   It was then provided in the instrument that a
certain storehouse and the acre of ground upon which it
was situated should be given and turned over to St. Bene-
dict's Church, already described, and that all the residue

should, within one year of the death of the last surviving party to the instrument, be turned over to the trustees of the Church of Maria Rosenberg in Waldfischbach, Bayerische Rheinpfalz, Germany; the priest trustee being given authority to convert the real estate remaining unsold into cash and turn the proceeds over to said Church of Maria Rosenberg, and that thereupon, and not until then, the trust should cease and lapse. Provision was also made for the failure of the priest named to accept the trust, to the effect that in such event the district court of Kossuth county should appoint a trustee to carry out the terms, provisions, and conditions of the trust remaining unfulfilled. It is agreed that after the 30th of June, 1906, the only interest of the parties to this deed of trust in the property described was the interest created by such deed of trust. It is also agreed that in September, 1895, the will of Maria Anna Schneider was executed, bequeathing all her property, real and personal, to the other persons named, and that about the same time Maria Anna Becker executed a similar will, and that these two wills were duly probated on the death of said testatrixes, respectively, in 1900 and 1901.

The contention for the plaintiff is that the defendants entered into the substantial enjoyment of the shares of Mrs. Schneider and Mrs. Becker after the dates on which the wills were respectively probated, and became entitled to the income and profits of the property under contingencies which might possibly consume the *corpus* and that a tax should be imposed on the value of such interests acquired by the defendants, estimated as of the dates of the probating of said wills, respectively, and that, as defendants were not relatives, the interests which they acquired are subject to a collateral inheritance tax. The trial court held that nothing passed to anybody under the wills of Mrs. Schneider and Mrs. Becker, and that under the trust deed, which was executed before the collateral inheritance

tax law took effect, the persons named therein as trustees entered into possession and enjoyment of the premises at once upon the execution of such deed, with the result that the defendants were not liable to pay any collateral inheritance tax on the property or any part thereof.

Under the express stipulation in the statement of facts that after the execution of the trust deed the interests which the parties thereto, or either of them, had in the property in question, or any part thereof, were the interests created by such deed, no other conclusion than that announced by the trial court could properly be reached. The collateral inheritance tax law contains no provision making it retroactive, or applicable to any interests in property which became vested prior to its taking effect, even though such interests might be subject to conditions or contingencies which would affect the future enjoyment of such interests. This is settled by the opinion of this court in *Lacey v. State Treasurer,* 152 Iowa, 477, announced since the present appeal was presented to this court (a different opinion in the same case having been set aside upon rehearing). No further discussion of the points presented seems to be called for.

The decree of the trial court is *affirmed.*