W. C. BROWN, State Treasurer, Appellant, v. HATTIE N. GULLIFORD, Appellee.

TAXATION: . Collateral Inheritance Tax—Deeds—Reservation of
1  Life Estate—Waiver—Effect.  Property conveyed by deed to a
collateral heir, but with a reservation unto grantor of a full
life .estate,—life possession, use and enjoyment of the property,
—is not subject to a collateral inheritance tax if, as a part of
the deed transaction, or later and prior to the death of the
grantor, that is done which amounts to a good-faith sale or
waiver by the grantor of the life estate and an immediate vest-
ing in grantee of full possession, use and enjoyment of the
property.

Phrased differently, the tax is avoided if, prior to the death
of grantor, the parties in good faith substitute a new considera-
tion in lieu of the life estate and thereby let the remainderman
into full and immediate possession, use and enjoyment of the
property.

PRINCIPLE APPLIED:  Three grantors jointly, by war-
ranty deed, conveyed a farm, then under lease and worth $8.000,
to their niece, but reserved unto themselves a full life estate,
together with the possession, use and enjoyment of the proper-
ty.  These grantors, at other times. declared that they had
given the niece the land in order that they might have a home,.
if they so desired.  This deed made no reference to any con-
templated lease, but, as a .part of the same transaction, the
grantors and grantee entered into a ten-year lease (terminable
at the death of the grantor last surviving, if he died prior to
the expiration of said ten years) at an annual rental of $400.
This lease referred to the fact that the said deed reserved a
life estate in the grantors.  Said lease provided that rental ac-
cruing from the prior tenant should belong to the niece.  It
was understood that the grantors should have a home on the
land if they so desired, and the last survivor did have such
home.  This last survivor, subsequent to execution of the lease,
devised all unpaid rentals to the niece.  The niece went into
possession under this arrangement, and, years prior to the death
of any of the grantors, built a residence on the land sufficient
to accommodate her own family and also her aunts.  Other ex-
tensive improvements were made on the land by the niece.

*Held*, full title, with possession and enjoyment, was complete in the niece prior to the death of the last grantor—that the niece took nothing *by succession* upon the death of the aunts.

TAXATION: Collateral Inheritance Tax—Deed Postponing Enjoy-
2 ment, But on Consideration—Effect. Full consideration for a conveyance which is intended to take effect in possession and enjoyment in a collateral heir after the death of the grantor, does not work an avoidance of the collateral inheritance tax.

*Appeal from Sac District Court.*—M. E. HUTCHISON, Judge.

NOVEMBER 26, 1917.

THE trial court sustained an objection on part of appellee to the imposition of a collateral inheritance tax, and directed a cancellation of said tax by the clerk of the court. Hence this appeal.—*Affirmed.*

*H. M. Havner*, Attorney General, *H. H. Carter*, Assistant Attorney General, *Malcolm Currie*, County Attorney, and *R. L. McCord*, for appellant.

*W. A. Helsell*, for appellee.

1. TAXATION: collateral inheritance tax: deeds: reservation of life estate: waiver: effect.

SALINGER, J.—I. Appellee contends there has been a change in statute law, and that the State is asserting superseded law. In regard to what is vital here, we find no statute change. While the wording of successive enactments is, as to the point in consideration, somewhat different, it remains the law that, if a conveyance be made to one of a class not exempted, the tax attaches as a privilege upon collateral succession if the deed is "intended to take effect in possession, or in enjoyment after the death of the grantor." With this in mind, the outstanding and controlling facts are, first, that, on the 17th day of October, 1902, Deborah, Susan and Mary Bodine, the aunts of the appellee, conveyed the land involved here to appellee by the

ordinary warranty deed, with full covenants of warranty, "reserving, however, unto the grantors herein, or to the survivor or survivors of them, a life estate in said land, and the use and occupancy, rents and profits of the same for the term of the natural life of the said grantors, or the survivor or survivors of them." It is, of course, well settled that a deed is not deprived of the attribute of being a conveyance *in praesenti* merely because the grantor reserves the right of enjoyment and possession in himself during his lifetime. But that this is so is not at all decisive here. Leaving out of consideration how far the legislature may act retrospectively in the matter, it is unquestionable it has the power to put a succession tax upon those who receive a deed *in praesenti*, with such a reservation in the grantor as is found in the deed here. See *Lacey v. Treasurer of State,* 152 Iowa 477, 483; *Herriott v. Potter,* 115 Iowa 648; *Mason v. Sargent,* 104 U. S. 689. That is to say, though the grantee in such deed becomes the owner upon delivery of the deed in such sense that his title may be the subject of levy and seizure, and that only time is wanting to make a title which includes the right to possession and enjoyment, the legislature may subject him who takes such a conveyance to a collateral inheritance tax. It is well settled that reservation of a life estate is such postponement of possession and enjoyment as that the tax attaches, under such a statute as we have. See *Reish v. Commonwealth,* 106 Pa. St. 521; *In re Green's Estate,* (N. Y.) 47 N. E. 292; *In re Brandreth's Estate,* (N. Y.) 62 N. E. 563; *Wright v. Blakeslee,* 101 U. S. 174, at 176, 177. We think *Lacey v. Treasurer of State,* 152 Iowa 477, *decides* nothing except that, where a life estate becomes vested, *it,* the life estate, should not be taxed under a statute which speaks prospectively, and was not in existence when such estate vested. If all else said be not dictum, the case declares that, when one takes with the burden of a

life estate reserved, he takes a grant which postpones enjoyment of possession until after the life estate terminates. To be sure, *Saunders v. Saunders,* 115 Iowa 275, holds a deed to be valid though possession is postponed until the grantor's death, but this is but deciding that such a reservation does not make the deed void as an improperly executed testamentary disposition. Of course, this in no way avoids a statute provision that a conveyance which contains such a reservation, though a good deed, still leaves the grantee liable to a succession tax.

2. TAXATION: collateral inheritance tax: deed postponing enjoyment, but on consideration: effect.

The State challenges the sufficiency of the consideration for the deed from the aunts to the niece. It is responded, first, that no one but a party to that transaction or a creditor can raise that question, and second, that the consideration is in fact sufficient. We are of opinion that, were it necessary for it to do so, the State, seeking to enforce this tax, can challenge a covinous conveyance, or one which, pretending to be on full consideration, is in truth voluntary. But is it a material contention? Under our statute, the tax may not be avoided merely because the grant is upon full consideration (see *In re Gould's Estate,* [N. Y.] 51 N. E. 287) ; and consideration is material only where a question arises as to whether the conveyance is a method of avoiding the tax. There, though the presence of consideration works no exemption, it would still be material on the question of whether it was in truth a conveyance or a mere subterfuge to evade the tax. In other words, it would bear on good faith. Here, it is practically confessed no such question arises; that the parties were in fact ignorant of the very existence of an inheritance tax law; and that evading it was not thought of. It appears, too, that the grantors were possessed of ample means which did pass under wills to collateral heirs.

If this were all, we should hold that the tax was due

because a life estate was reserved, and that it was error to hold otherwise.

II. But though the deed, by reserving a life estate, worked liability to the tax, all this could be changed by terminating the reserved estate in the lifetime of the grantor and changing the grant by adding to remainder the right to immediate possession and enjoyment. See *Lamb v. Morrow,* 140 Iowa 89. The same case is authority for holding that, in determining in this case whether such a change was made, we may take into consideration all that was done and intended.

As part of the same transaction, the parties entered into what is, in form, a lease. At this time, another held an unexpired lease. Appellee, as part of her "leasing," was permitted to collect and keep what this tenant paid after the leasing to appellee. The annual "rental" she paid was arrived at by computing five per cent on what the grantors had paid for this land when buying it to give to appellee. The deed is silent as to a lease to grantee, but the lease recites the reservation of a life estate in the deed. The lease has a term of ten years, but provides that, because a life estate has been reserved, the lease shall end when the last of the grantors deceases, if that shall occur before the ten years have run. The last survivor made a will later than the deed and the lease, giving to appellee any sum that may at her decease be due for rent. The parties understood that, if the grantors should in future desire that grantee make them a home on this land, this should be done by her. The last of the grantors surviving was given a home there and died there. While the "fine print" in the lease gives these grantors the usual powers of a landlord, grantee did what no mere remainderman or lessee would do, years before the lease expired, and years before it could be known when the life estate would terminate.

She built a house large enough for her own uses and the accommodation of the grantors. She built other buildings and fences and made general improvements and paid the taxes. The grantors declared the farm was given to appellee so that they could have a home upon it if they desired. It is stipulated appellee went into and remained in possession, not under the lease, but "under and by virtue of the aforesaid transaction."

We think the "transaction" was a commutation or exchange of the life estate reserved in the deed and recited in the lease; that the parties estimated that such estate would terminate in ten years, and agreed to substitute for that estate an annuity to be paid by grantee until the last grantor should die,—in effect, that grantees sold their life estate for $400 a year, to be paid by grantee out of her own means. Had there been an honest agreement in terms that the life estate was sold to the remainderman, and that, in consideration, the owner of the life estate should be paid a stated sum, with a stated rebate if the seller lived less than ten years, the case would not differ in legal effect from the one we have. It would effect that, in the lifetime of the parties, there was added to the remainder title the right to immediate possession and enjoyment. As we view it, appellee, though originally not so endowed, had later vested in her, and as an addition to the grant in the deed, the right to immediate possession and enjoyment, and exercised that right before the death of her grantors, and that, therefore, the trial court held rightly that she got nothing by succession upon death of her aunts, and was not liable to a succession tax.—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.