CITY BANK FARMERS TRUST COMPANY, EXECUTOR, ETC., ARCHIBALD D. RUSSELL, DECEASED, PROSECUTOR, v. JOHN McCUTCHEON, COMPTROLLER, ETC., ET AL., RESPONDENTS.

Argued January 22, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the prosecutor, *Walter E. Cooper* (*Henry C. Elbert* and *Russell L. Bradford,* of the New York bar, on the brief).

For the respondents, *William A. Stevens,* attorney-general.

PER CURIAM.

This writ brings up for review that portion of a decree of the Prerogative Court of July 25th, 1929, which affirms a transfer inheritance tax assessment upon certain real and personal property of Archibald D. Russell, deceased, who died, intestate, November 29th, 1919, a resident of Princeton, Mercer county, this state. The net estate subject to the jurisdiction of this state was $7,152,325.59, which includes $392,800 of value of real and personal property transferred by decedent to his four children by deed dated May 15th, 1918, and which is the subject of the tax now under review.

The records show that Archibald D. Russell, on May 15th, 1918, then being the owner of real property located at Princeton, as well as the contents of the homestead situate thereon, conveyed such property, by warranty deed, bearing that date, to his four children. On May 16th, 1918, the day

immediately succeeding such conveyance, they executed and delivered a lease to their father of the same premises and property for a period of ten years at a nominal rental of one dollar per year. The father died, approximately, one and one-half years thereafter and down to the time of his death he was and from the date of the before-mentioned transfer or conveyance remained in full possession and enjoyment of the property, both real and personal.

The comptroller found and held that his deed and lease constituted and made for a single transaction and was one, intended by the decedent, to take effect in beneficial possession and enjoyment, only at and after the decease of the donor.

The learned vice-ordinary confirmed this and found that at the time of the transfer, the decedent, Russell, was sixty-five years of age with a life expectancy of eleven years. That he died in one and one-half years after the transaction in question, of diabetes, a progressive disease; that there was sufficient proof to support the conclusion that at the date of the gift, the donor was not in average health, but much below it, and that this he knew, and hence he contemplated that a term of ten years, in all probability, would be greater than his remaining years of life.

In this finding we think the vice-ordinary was justified upon the proofs before him and the decree under review should be affirmed.

The prosecutor now seems to contend, and devotes a large portion of its brief thereto, that if there should be a tax against this property the present assessment is made upon an improper and illegal basis as it is made upon the actual, market, value of the lands and chattels and should have been made only upon the value of the leasehold thereof in the estate of Russell.

We think this is without legal or factual merit, and furthermore this question does not appear to have been raised or argued in the Prerogative Court and therefore may not be raised here.

The decree below and the assessment under review should be affirmed, with costs, and the writ dismissed.