## In the Matter of the Estate of HENRY J. BEST, Deceased.

Surrogate's Court, Rensselaer County, April 30, 1931.

*A. Page Smith*, for the Mechanics and Farmers Bank of Albany, appellant.

*F. E. Bowen*, for the executrix.

*Thomas F. Phelan* [*Seth T. Cole* of counsel], for the respondent State Tax Commission.

WAGER, S.   This is an appeal from a *pro forma* order taxing an alleged transfer made by a trust agreement executed by the decedent Henry J. Best in his lifetime with the appellant, Mechanics and Farmers Bank of Albany.   The appellant contends that inasmuch as the agreement was not made in contemplation of death, the property transferred by the agreement is not subject to tax and that, therefore, the order imposing such tax is erroneous. The agreement made by the decedent with the bank creating the alleged trust was dated December 9, 1926.   He died on March 3, 1928, leaving a last will and testament under which his widow,

Ada C. Best, and his daughter, Clara Best, were the sole legatees and devisees. The value of the property transferred by the trust agreement was approximately $68,253.75. At the time the agreement was executed in December, 1926, he was eighty years of age.

As far as this appeal is concerned, the surrogate deems it unnecessary to decide whether or not the transfer by the trust agreement was made in contemplation of death, because by its terms the property transferred was intended, as far as the interest of the wife and daughter of the decedent and the remaindermen who would be entitled to take on the death of the survivor of them is concerned, to take effect in possession or enjoyment at or after the decedent's death, and is, therefore, taxable, as provided by section 220 of the Tax Law (as amd.). If this were the only question, the appeal would be dismissed without further comment, but there has been raised a more serious question by counsel for the State Tax Department, and that is that the alleged trust agreement is by its very terms void in that it unlawfully suspends the absolute ownership of personal property for more than two lives, in violation of section 11 of the Personal Property Law. It is contended by the appellant that the surrogate has no power to pass upon the validity of this instrument in this proceeding and must give full force and validity to the terms of the agreement notwithstanding that it may violate said provision of the Personal Property Law.

The material part of said trust agreement which must be considered in answering the question raised is as follows: " The said party of the second part hereto [the trustee] hereby covenants and agrees:

" That it has accepted said trust, and has heretofore received the moneys and securities hereinbefore mentioned, for the uses and purposes herein set forth, to be also held during the lifetime of the party of the first part and also during the natural lives of his said wife, Ada C. Best, and his said daughter, Clara Best, and to be administered, and distributed as herein provided, following their decease.

" That it will invest and reinvest the same, collect the interest and income arising therefrom, and to pay over said interest and income, to the party of the first part, quarterly during his life time.

" That upon the death of the party of the first part, it will divide and pay over interest and income from said trust fund to the said Ada C. Best and Clara Best, and following the death of one of them, the whole thereof to the survivor.

" That upon the death of the survivor of the said Ada C. Best and Clara Best, it will pay over the principal thereof, and all

accumulations of interest and income thereon, to the lawful descendants of said Clara Best, *per stirpes.*

" That should the said Clara Best leave no descendants her surviving, then following the death of the survivor of the said Ada C. Best and Clara Best, the principal of said trust fund and all accumulated income thereon are to be paid over to the nephews and nieces of the party of the first part, then surviving, *per stirpes.*"

At the time of the decedent's death his daughter, Clara Best, was unmarried, and at the date of the hearing before the surrogate in November, 1930, she was married but no child had been born to her. If full force and effect is given to this trust agreement it is uncertain at this time who will receive the ultimate remainder.

The surrogate is of the opinion, upon considering the whole agreement, that it does by its terms violate section 11 of the Personal Property Law. There was created by the instrument a suspension of ownership for three lives. Under such circumstances must there be a construction that this instrument is valid and that a transfer passed thereby and the plain reading of the statute be ignored?

The surrogate is of the opinion that it is within his power to construe the effect of this instrument, because there was either a transfer by virtue of it or there was no transfer by reason of its invalidity. It would seem that the same power must rest with the surrogate as would rest in case of a will wherein some void provisions might be contained. We must either hold the instrument is a valid and subsisting document or hold that it is a mere useless piece of paper. There was either a transfer of this $68,000 for the benefit of decedent's wife and child and ultimate grandchildren and nephews and nieces or there was no transfer; and if there were no transfer by this instrument then resort must be had to the last will and testament of the decedent which contains full and complete provisions for the disposition of all of decedent's property that he owned or had an interest in at the time of his death.

The determination in this proceeding is controlling only here, and if it is desired to set aside the agreement by a decree of the court, an action for that purpose must be brought in the proper court.

The fund in question is taxable but the surrogate decides that a tax should be imposed by virtue of the provisions of decedent's will and not by virtue of the alleged trust agreement.

The appeal is, therefore, dismissed, and an order should be entered taxing the fund in question in accordance with the provisions of decedent's will.