[No. 23730.    Department Two.    September 20, 1932.]

*In the Matter of the Estate of* ADDIE M. HALL ELLIS,
*Deceased.*

THE STATE OF WASHINGTON *et al., Appellants,* v.
EDITH MOORE SUZZALLO *et al., as Executors,
Respondents.*[1]

*G. W. H. Davis* and *W. F. Van Ruff,* for appellants.
*Wright & Catlett,* for respondents.

BEALS, J.—This appeal involves the question of the
liability of the estate of Addie M. Hall Ellis for the
payment of an inheritance tax in excess of the amount
of the tax which the superior court adjudged to be due.

Mrs. Ellis, being a resident of the state of Washing-
ton, died testate in the city of Seattle November 11,

[1]Reported in 14 P. (2d) 37.

1928, leaving estate subject to administration under the direction of the superior court for King county. A few days after Mrs. Ellis' death, her will was admitted to probate, and the appointment of Edith Moore Suzzalo, Allen F. Moore and William B. Bebb, who were named in the will as executors thereof, was confirmed by the court.

The executors inventoried certain intangible personal property within the state of Washington of the appraised value of over $53,000, which, it was conceded, was subject to the payment of inheritance taxes, and other intangible personal property within the state of Washington of the value of $5,000, which, under date May 17, 1921, Mrs. Ellis had transferred in trust, the beneficiaries of the trust to come into possession of the property upon Mrs. Ellis' death, it being also conceded that an inheritance tax was payable upon the property covered by this trust.

April 5, 1915, Mrs. Ellis established a trust consisting of $40,000 in intangible personal property located within the state of Illinois, the beneficiaries of the trust to come into complete enjoyment thereof upon Mrs. Ellis' death. May 23, 1921, Mrs. Ellis established another trust consisting of intangible personal property located in the state of Illinois of the value of $18,000, the beneficiaries of this trust also to come into full possession thereof upon the decease of Mrs. Ellis.

June 30, 1929, the executors made their final account and petition for distribution, excluding therefrom the property covered by the $5,000 trust located within the state of Washington (although conceding that the beneficiaries of this trust should pay an inheritance tax thereon), and also excluding the $58,000 covered by the two trusts, the property pertaining to which was in the state of Illinois.

The supervisor of the inheritance tax and escheat

division of the state of Washington appeared in the proceeding, contending that the state was entitled to receive an inheritance tax computed not only upon the property of the estate within the state of Washington, but also based on the value of the intangible personal property within the state of Illinois covered by the two trusts above referred to, one consisting of $40,000 worth of intangibles, and the other of $18,000 worth of similar property. The trial court ruled that, in computing the inheritance tax due from the estate, the $58,000 worth of property within the state of Illinois should be excluded, and from an order fixing the inheritance tax due upon the basis of the exclusion of this property, the supervisor appeals.

Appellant contends that, because Mrs. Ellis was, at the time of her death, a resident of the state of Washington, the situs for inheritance tax purposes of the intangible property belonging to her and located in the state of Illinois, comprised within the two trusts above referred to, was in the state of Washington, and, the terms of the two trust agreements not taking the property thereof without the terms of the statute, an inheritance tax is due the state of Washington upon the vesting of the absolute title to the trust property on the death of Mrs. Ellis.

The executors of the will, respondents herein, contend that, as the intangible personal property held in Illinois by trustees under the two trust agreements above referred to was not within the state of Washington and was not transferred to take effect in possession and enjoyment at the death of Mrs. Ellis, no inheritance tax is due the state of Washington based upon the transfer of this property.

Rem. Comp. Stat., § 11203, reads as follows:

"Except as to the limitations prescribed in section 11202 from the inheritance tax and real property lo-

cated outside the state passing in fee from the decedent owner, the tax imposed under section 11202, shall hereafter be assessed against and be collected from property of every kind, which, at the death of the decedent owner is subject to, or thereafter, for the purpose of distribution, is brought into this state and becomes subject to the jurisdiction of the courts of this state for distribution purposes, or which was owned by any decedent domiciled within the state at the time of the death of such decedent, even though the property of said decedent so domiciled was situated outside of the state."

In *In re Sherwood's Estate,* 122 Wash. 648, 211 Pac. 734, this court, construing the above section, said:

"A further objection is that, even if the statute contemplates the levy of an inheritance tax on property in a foreign state, the legislature was without power to so provide, because of want of jurisdiction over the property. On this question, also, the courts seem to be divided in opinion. There is no question that, in so far as the power to levy a direct tax upon tangible property is concerned, the state is limited to property within its jurisdiction, but an inheritance tax is not a tax upon property as such. It is an impost or excise levied as a condition precedent to the transmission or transfer of property from the dead to the living, and the great majority of the courts hold, on the principle that the succession takes place in virtue of the laws of the place of domicile, that personal property is subject to an inheritance tax by the state in which its owner was domiciled at the time of his death, regardless of the actual location of the property or of the location of the evidence of its ownership."

The decisions of the courts upon questions analogous to that here presented are not altogether harmonious. Respondents rely upon certain decisions of the supreme court of the United States construing the Federal statute establishing an estate tax. The Federal tax is of a nature different from that imposed by the

statutes of this state. In the case of *Y. M. C. A. v. Davis,* 264 U. S. 47, the supreme court, speaking through Chief Justice Taft, used the following language:

"What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death."

In discussing the question of the basis of the Federal tax, Gleason & Otis, in their work on Inheritance Taxation (4th ed.), page 2 *et seq.,* laid down the following doctrine:

"The Federal Estate Tax differs primarily and fundamentally from all the inheritance and transfer taxes imposed by the several states jurisdictions for the reason that the right to transfer property at death as well as the right to receive benefits from the estate of a decedent are conferred by state law. The Federal Government does not bestow either privilege nor has it the right to take either privilege away. This was not one of the powers delegated to Congress by the Federal Constitution. . . .

"With few exceptions the State inheritance tax statutes levy a duty or excise upon the beneficiary for the privilege or right of receiving property from the dead either by will or the intestate law. Even where the transfer is taxed because it was made in contemplation of death or to take effect at death these statutes tax the beneficiary and not the estate of the decedent. On the other hand it is the theory of the Federal Estate Tax that such transfers are to be regarded as part of the estate and the tax thereon must be paid by the executor without recourse to the beneficiary. *Farmers Loan & Trust Co. v. Winthrop,* 238 N. Y. 488."

The distinction between state inheritance tax laws and the Federal act is discussed in the case of *Rising Estate v. State ex rel. Benson*, 242 N. W. (Minn.) 459.

This court, in the case of *State v. Clark*, 30 Wash. 439, 71 Pac. 20, in considering the validity of the inheritance tax law of this state, used the following language:

"The objection urged here, that the statute is in conflict with §§ 1, 2 and 5 of article 7 of the state constitution, relating to taxation, is not tenable, because the charge made upon the passing of the estate is not a tax on property. It is an impost or excise on the right to pass the estate and the privilege of the devisee to take. That it is not within the provision relating to the tax on property is well settled by practically unanimous authority."

The relationship borne by our inheritance tax laws to the statutes providing for general taxation of property was again considered in *In re Sherwood's Estate*, *supra*.

It is evident that different rules apply in construing laws such as ours for the taxation of inheritances and statutes providing for the direct taxation of property. The basis of inheritance tax legislation is discussed in Ross on Inheritance Taxation, page 4, in the following language:

"On the general proposition that an inheritance tax is not on the property, but on the transmission or succession, the authorities are agreed. The charge is not on the property itself, although the value of the property determines the amount of the tax, but rather upon the right or privilege to transmit or receive the property. It is the transmission or reception, not the thing transmitted or received, that is taxed. Important constitutional, as well as other, considerations flow from this characteristic of inheritance taxation, for if the tax is not on property, or if it is an indirect as distinguished from a direct tax, then it is not within

the purview of certain limitations placed by the organic law upon the power of taxation.''

Respondents contend that, if the inheritance tax statute of this state purports to levy a tax upon property such as is embraced within the two trusts (taking into consideration the terms of the trust agreements) and located within the state of Illinois, the statute is unconstitutional as violating the Fourteenth Amendment to the Constitution of the United States.

Respondents cite the opinion of the supreme court of the United States in the case of *Safe Deposit & Trust Co. v. Virginia,* 280 U. S. 83, 67 A. L. R. 386, in which it was held that stocks and bonds which the owner, a resident of the state of Virginia, had transferred in trust to a Maryland company for the benefit of beneficiaries living in Virginia, was not subject to the general taxation laws of the state of Virginia, the situs of the property being within the state of Maryland. The case cited did not involve an inheritance tax, but a direct tax upon property, and, while of interest in connection with the questions here presented, is not controlling.

Respondents' counsel cite, in this connection, the opinion of the supreme court of the United States in the case of *Rhode Island Hospital Trust Co. v. Doughton,* 270 U. S. 69, 43 A. L. R. 1374. In the case last cited, the supreme court of the United States held that the state of North Carolina could not levy a transfer tax on shares of stock in a New Jersey corporation doing business in the state of North Carolina, two-thirds of its entire property being located in that state, title to this stock passing by the will of a resident of the state of Rhode Island to nonresidents of North Carolina. The language of the opinion must be considered in connection with the facts which were before the court, and, the owner of the property upon which

the state of North Carolina sought to levy a transfer tax having been a nonresident of that state, the decision is not controlling upon the questions here presented.

In the case of *Farmers Loan & Trust Co. v. Minnesota*, 280 U. S. 204, 65 A. L. R. 1000, the supreme court held that the maxim *mobilia sequuntur personam* applied to negotiable bonds and certificates of indebtedness issued by the state of Minnesota and municipal corporations therein, the securities being at all times within the state of Minnesota, owned by a resident of the state of New York who died there testate, the state of Minnesota claiming an inheritance tax upon the transfer of title to the Minnesota securities, the right to levy such a tax being upheld by the state supreme court. The supreme court of the United States held that

"The bonds and certificates of the decedent had acquired permanent situs for taxation in New York; their testamentary transfer was properly taxable there, but not in Minnesota."

The opinion of the supreme court of the United States in the case of *First National Bank of Boston v. Maine*, 284 U. S. 312, 52 Sup. Ct. Rep. 174, is to the same effect. On the questions now being considered, the cases of *Worcester County Nat. Bank v. Commissioner etc.*, 275 Mass. 216, 175 N. E. 726, and *Blodgett v. Guaranty Trust Co.*, 114 Conn. 207, 158 Atl. 245, are of interest.

Counsel for respondents argue that the state of Washington has no jurisdiction of the intangibles covered by the Illinois trust, and that, if the statutes of this state attempt to tax property situated as is the property with which we are here concerned, the statutes are, so far at least, in violation of the Fourteenth Amendment to the Constitution of the United States.

Counsel argue that the statutes of our state do not purport to levy a tax upon any such property, and in this connection cite decisions of the supreme court of the United States. Respondents also rely upon certain language in the opinion in the case of *Baker v. State,* 242 N. W. (Minn.) 697, in which the supreme court of Minnesota held that that state could not levy a death transfer tax upon shares of stock in a Minnesota corporation, the owner of which was domiciled in another state, and the intangible property having never been given a situs in the state of Minnesota.

Respondents contend that, in the case at bar, the Illinois trust property has received a situs in the state of Illinois, the same having been placed there by Mrs. Ellis, as contended by counsel, using the language of the supreme court of Minnesota, "for permanent investment and re-investments." It is true that, under the trusts with which we are here concerned, the trustees had large powers, and in one of the trusts they had an actual interest in the returns from the trust property, only five per cent interest thereon being payable to Mrs. Ellis.

Respondents admit that certain courts have held contrary to their contention, such rulings being embodied in the opinions of the supreme courts of Connecticut and Wisconsin in the cases of *Blodgett v. Guaranty Trust Co.,* 114 Conn. 207, 158 Atl. 245, and *Waite v. Wisconsin Tax Commission,* 242 N. W. (Wis) 173.

The decisions of the supreme court of the United States relied upon by respondents are not controlling, as the Federal statute requiring the payment of death duties is, in our opinion, fundamentally different from the inheritance tax laws of this state, the basic distinction having been hereinabove pointed out.

We are convinced that, unless by the terms of the trust agreements under which the property in Illinois

was held it be determined that such property is exempt from inheritance taxation in this state, our statute applies because of the domicile of Mrs. Ellis within this state.

Respondents next contend that the trusts established in Illinois were not made in contemplation of death, or made or intended to take effect in possession or in enjoyment after the death of the grantor, Mrs. Ellis, and that, therefore, the statutes providing for the collection or payment of inheritance taxes to the state do not apply to the trust property. It is, of course, true that the state of Washington has not provided for the taxation of property passing by gift (or other contract) *inter vivos*. The agreements establishing the two trusts with which we are here concerned are before us. In the one, Mrs. Ellis reserved a life interest, so far as the income arising from the securities was concerned; in the other, under the terms of the agreement she was to receive a life income up to five per cent of the trust property. The trusts were to terminate and the properties of the trusts to be finally turned over to the beneficiaries thereof upon the death of Mrs. Ellis.

The question now being considered is one of considerable difficulty. It is true that, under the trust agreements, the trustees exercised a considerable measure of control over the trust property. Respondents contend that the maxim *mobilia sequuntur personam* does not apply, because Mrs. Ellis had ceased to own the property. In this connection, respondents rely upon the opinion of the supreme court of the United States in the case of *Farmers Loan & Trust Co. v. Minnesota,* 280 U. S. 204, 65 A. L. R. 1000, *supra,* and cases there cited, contending that, under these decisions, the attempted taxation of the trust property by the state of Washington violates the Fourteenth Amendment to

the Constitution of the United States. Respondents strenuously contend that the trust property does not fall within the provisions of Rem. Comp. Stat., § 11201, not having been conveyed by "deed, grant, sale or gift, made or intended to take effect in possession or in enjoyment after the death of the grantor or donor." Respondents contend that the controlling statute is § 11203, above quoted.

This court, in *In re Gaudette's Estate,* 165 Wash. 412, 5 P. (2d) 503, considering the question of the liability of certain property to the payment of an inheritance tax, used the following language:

"It follows, under the provisions of our statute as follows, that, as the transfer of the property was not to take effect in possession or enjoyment until after the death of the transferor (Mrs. Gaudette), the property is subject to the tax: . . .

"The statute clearly provides that, if the sale or gift is intended to take effect in possession or in enjoyment after the death of the transferor, on the property passing under such sale or gift there shall be paid a tax by the transferee or donee for the privilege of succeeding to the property. Whether the property passes by will or under a contract, makes no difference. The determinative factor is whether the transfer of the property is to take effect in possession or enjoyment after the death of the transferor."

While the facts upon which the opinion last cited was rendered were very different from those which are here presented, and the opinion is not here controlling, the principle laid down is somewhat analogous to that involved in the case at bar.

Respondents' counsel cite the opinions of the supreme court of the United States in the cases of *Reinecke v. Northern Trust Co.,* 278 U. S. 339, 66 A. L. R. 397; *May v. Heiner,* 281 U. S. 238, 67 A. L. R. 1244, and other Federal cases.

The question to be determined is when the property covered by the trust agreements passed thereunder. If it be held that title passed as a gift *inter vivos,* this state demands no tax thereon. The trust agreements under which the property was held are contracts. *Coolidge v. Long,* 282 U. S. 582. Since the filing of the opinion in the case of *May v. Heiner, supra,* several state courts have rendered decisions involving trust funds, and held that the property of such funds was subject to the payment of an inheritance tax. *City Bank Farmer's Trust Co. v. McCutcheon,* 151 Atl. (N. J.) 78; *Mishler's Estate,* 23 Berks County Journal (Pa.) 95; *In re Barber's Estate,* 304 Pa. 235, 155 Atl. 565; *In re Barstow's Estate,* 256 N. Y. 647, 177 N. E. 177.

The supreme court of Ohio, in the recent case of *Sherman v. Tax Commission,* 181 N. E. (Ohio) 539, held that, upon the death of one who had established a trust, a tax was payable as for an inheritance by the beneficiaries of the fund. The court relied upon the opinion of the supreme court of Minnesota in the case of *Rising's Estate v. State ex rel. Benson,* 242 N. W. (Minn.) 459, *supra,* and followed the rule laid down by the Minnesota court.

We are satisfied that, under the rule laid down in the Minnesota and Ohio cases, which doctrine we approve, it must be held that the trust agreements under which respondents claim were not gifts *inter vivos.*

We have with care studied the trust agreements in the light of the different decisions to which our attention has been called, and we are satisfied that, in view of the statutes of this state providing for the payment of inheritance taxes, an inheritance tax should be paid upon the property covered by the trusts, Mrs. Ellis having been domiciled within this state and the property embraced within the trusts vest-

ing in the beneficiaries thereof only upon the death of Mrs. Ellis.

The judgment appealed from is reversed, with directions to proceed in accordance with this opinion.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.