## WILLIAM H. HACKETT
Tax Commissioner's Appeal from Probate
ESTATE OF GUSTAVE G. FRITZ

Superior Court      New Haven County      File #50904

Present:   Hon. CARL FOSTER, Judge.

The Attorney General,
Farwell Knapp,                    Attorneys for the Appellant.

Pond, Morgan & Morse,       Attorneys for the Appellee.

## MEMORANDUM FILED OCTOBER 27, 1936.

FOSTER, J. This is an appeal by the Tax Commissioner of this state from a decree of the Probate Court for the District of New Haven, that certain portions of the Estate of Gustave G. Fritz, deceased, late of New Haven, are not subject to inheritance tax. The portions of the estate involved are monies paid to the widow of the deceased by virtue of two certain trust agreements, executed and delivered by the deceased during his life. Certified copies of these trust agreements are in evidence and marked Exhibit A and Exhibit B. Each of the trust agreements must be considered in its entirety in reaching a conclusion of this case. I, therefore, append copies of the trust agreements hereto and make them a part of this memorandum of decision.

The statute governing this matter is **Chapter 83 of the Public Acts of 1927** and the pertinent part of the statute is,

"All gifts of such property by deed, grant or other conveyance, made in contemplation of the death of the grantor or donor, or intended to take effect in possession or enjoyment at or after the death of such grantor or donor, shall be subject to the tax herein prescribed". Considering Exhibit A, we read,

"Whereas it is the desire of said Fritz . . . . to arrange for the sale and transfer of stocks . . . . in case of his death . . . . and avoid the necessity of negotiating therefor with the decedent's estate."

It appears that the sale and transfer of the stock were not to take place until after his death. It appears that Fritz agrees to pay the premiums on the policies of insurance and that the trustee—not his wife or his estate—is the beneficiary

therein. The certificates of stock though delivered to the trustee, are endorsed in blank, and Fritz retains the "sole right and authority to vote the shares of stock". The agreement is not for all time, but is to terminate upon the death of Fritz—or his two associates—or at the end of ten years, if all survive so long; and, in the latter event, Fritz' stock is to be returned to him by the trustee. Upon the death of Fritz, the trustee is to collect the insurance on his life and pay it to his widow or his estate. Also upon his death, before the death of either of his associates, his associates are to pay to the trustee, for payment to his widow or other person, a sum of money equal to the difference between the value of his stock and the proceeds of the insurance policy. There is fixed the method of determining the value of his stock, not at the date of the contract, but at the date of his death; and the reason of said method appears. Upon the death of Fritz the trustee is to deliver cash to the "widow or other person" and the stock to the associates of Fritz after they have paid for it.

Here is property owned by Fritz delivered by him to a trustee for a period limited to ten years, or, by his decease, or the decease of one of his associates, whichever first occurs. He retains voting control. At his decease the stock is to be converted into cash and delivered by his trustee to his widow or estate. This grant of cash by Fritz to his widow or estate was obviously made in contemplation of his own death and intended to take effect after his death. Fritz died within the period of ten years and before either of his associates and there has been paid to his widow, in accordance with the terms of Exhibit A, $8,509.49. This sum is subject to inheritance tax.

Exhibit B is a trust agreement between Fritz and two associates relative to the stock owned respectively by each of the three. The intention as set forth in the trust agreement is "to arrange for the sale and transfer of the stock of either in the event of death, to the survivor, and avoid the necessity of negotiating therefor with decedent's estate". Here is contemplation of death and an admission that the stock will be a part of decedent's estate at his death. In the event of Fritz' death, his associates are to pay to his widow or his estate, $4,000. plus insurance premiums and then, after his

death, the certificates of stock are to be transferred to his associates. By whom? Under the law by the executor of his will or the administrator of his estate. When Fritz dies the stock is a part of his estate, which he has contracted, shall at his death, by such executor or administrator, be transferred for money to his associates. He dictates in the trust agreement to whom the money shall be paid and does not direct that it shall be paid to his executor or administrator. It cannot be—it is not reasonable or logical—that the payment of an inheritance tax may be thus avoided. The contract is not unlimited. It is limited to ten years or to the death of Fritz or one of his associates, whichever first occurs. Fritz claims ownership in the stock so long as he lives and agrees with his associates not to sell, transfer, pledge, encumber or suffer or permit his ownership in his stock to be in any way affected.

This trust agreement is a grant or gift of property made in contemplation of the death of the grantor or donor and intended to take effect in possession and enjoyment at or after the death of the grantor or donor. Of the property considered in Exhibit B, $4,000. is taxable.

Blodgett, Tax Commissioner vs. Guaranty Trust Company of New York, et al, 114 Conn., 207.

Bryant, Executrix vs. Hackett, Tax Commissioner, 118. Conn. 233.

I have considered all of the claims of the appellee and the citations submitted in support of the same. My views as to these claims are in general, but without specific argument, above set forth. As claimed by the appellee, it was undoubtedly the intention of Fritz and his associates to hold their stock in status quo so long as they all should live and agree that the stock of the one of the three first to be deceased, should be purchased by the two survivors, at a price easily ascertainable, without negotiation or litigation. But this is beside the point. The question here to be determined is whether the money agreed to be paid for the stock is taxable.

These two trust agreements, Exhibit A and Exhibit B, were not sales. The limitation of ten years, the retention of control of the stock, the termination of the trust agreements by

the death of one of the contracting parties negatives such a construction of the instruments.

The appeal from probate is sustained.

It is adjudged and decreed that property to the extent of $8,509.49 set forth in the trust agreement dated May 1, 1928 by and between Gustave G. Fritz, George S. Hawley and Henry F. Keller and The Bridgeport Trust Company, and property to the extent of $4,000. set forth in the trust agreement made May 1, 1928 by and between Gustave G. Fritz, George S. Hawley and Louis Keller, are subject to Connecticut inheritance tax.

---

### EXHIBIT "A"

THIS AGREEMENT made and entered into at New Haven, Connecticut, this 1st day of May, 1928, by and between GUSTAVE G. FRITZ and GEORGE S. HAWLEY, of said New Haven, HENRY F. KELLER of Bridgeport, Connecticut, and THE BRIDGEPORT TRUST COMPANY, a banking corporation of said Bridgeport, hereinafter called Trustee, WITNESSETH:

WHEREAS it is the desire of said Fritz, Hawley and Keller, who are the sole owners of the common stock of Fritz & Hawley, Incorporated, a Connecticut corporation located in said Bridgeport, to arrange for the sale and transfer of the stock of either of them in case of his death, to the survivors and avoid the necessity of negotiating therefor with the decedent's estate;

NOW, THEREFORE, the life insurance policies on the lives of said Fritz, Hawley and Keller, appearing in Schedule A of this agreement are herewith delivered to said Trustee, the Trustee having been named beneficiary thereunder and the stock certificates, more particularly described in Schedule B of this agreement, endorsed in blank, are herewith transferred and delivered to said Trustee; and the Trustee hereby acknowledges the receipt of all of said policies and certificates.

The said Fritz, Hawley and Keller agree to pay the premiums on said policies of insurance as they fall due and to save the said Trustee from any obligation to make such payments.

The Trustee agrees that the said Fritz, Hawley and Keller during the continuance of this agreement shall have the sole right and authority to vote the shares of stock formerly standing in their respective names, the certificates of which are now held by the Trustee.

If the said Fritz, Hawley and Keller are all alive ten years from the date hereof, then this agreement shall terminate by lapse of time and after the Trustee has received its compensation for services in connection with this agreement said stock certificates and all of said insurance policies shall be returned to said Fritz, Hawley and Keller respectively.

Upon the death of either of the parties hereto, the Trustee shall forthwith collect all the money on the policies of insurance upon the life of the decedent and pay said money with the other payments hereinafter mentioned to the widow of the decedent, or if there be no widow then to decedent's estate, or to such other person as he shall have designated by will.

The survivors jointly shall also pay to the Trustee for payment to said widow or other person, a sum of money equal to the difference between the value of the stock formerly held by the decedent, as determined in the manner hereinafter stated, and the proceeds of the insurance policies.

The value of the stock of the decedent shall be its book value as shown by the annual financial statement of the Company prepared by its accountant on the last preceding December 31st, except as to the items of "Furniture and Fixtures" and "Securities held as Investments"; the value of the item of "Furniture and Fixtures" being arbitrarily agreed upon as Nine Thousand Dollars ($9,000.), and the item of "Securities held as Investments" to be the market value thereof at the date of the decedent's death and so determined by the Trustee. This provision is made because the last financial statement might show the "Furniture and Fixtures" item entirely written off or of no value, while the parties hereto agree that the actual value is Nine Thousand Dollars ($9,000.); and because the value of "Securities held as Investments" is subject to fluctuation and the actual market value at the date of decedent's death is readily determinable by the Trustee. These values for the two items only are therefore substituted for

the values appearing in the last financial statement.

Upon the payment as aforesaid by the Trustee to decedent's widow, or other person, of the proceeds of the life insurance policies and the cash hereinbefore referred to, said Trustee shall forthwith deliver to the survivors in equal portions, all of the common stock formerly held by said decedent in Fritz & Hawley, Incorporated, to belong to the survivors absolutely, and this trust agreement shall thereupon terminate, the policies of insurance on the life of the survivors also being released and returned to said survivors.

The parties hereto do by these presents bind themselves and their respective heirs, executors, administrators and assigns, to the faithful performance of this agreement, and agree that the Trustee shall deduct or charge against them or their estate, and that they will pay in equal portions its reasonable fees and expenses as Trustee.

The parties hereto agree at all times to execute any other papers and perform all other acts that may be necessary or convenient in carrying out the purposes of this agreement.

IN WITNESS WHEREOF the parties have hereunto set their hands and seals at New Haven, Connecticut, the day and year above written.

> Gustave G. Fritz (Seal)
> George S. Hawley (Seal)
> Henry F. Keller (Seal)
> The Bridgeport Trust Co.,
> Egbert Marsh, Pres. (Seal)

---

## SCHEDULE "A"

### Insurance Policies

No. 873,618—Penn Mutual Life Insurance Co.
Gustave G. Fritz                  $5,000.

No. 873,660—Penn Mutual Life Insurance Co.
George S. Hawley                  5,000.

No. 137,172—Connecticut General Life Insurance Co.
Henry F. Keller                   5,000

## SCHEDULE "B"

Ctf. No.  9 Fritz & Hawley, Inc.  Henry F. Keller     10 shs.
Ctf. No. 10 Fritz & Hawley, Inc.  Gustave G. Fritz     50 shs.
Ctf. No. 12 Fritz & Hawley, Inc.  George S. Hawley     50 shs.
Ctf. No. 13 Fritz & Hawley, Inc.  Henry F. Keller     40 shs.
Ctf. No. 14 Fritz & Hawley, Inc.  Gustave G. Fritz     16 shs.
Ctf. No. 15 Fritz & Hawley, Inc.  George S. Hawley     16 shs.
Ctf. No. 16 Fritz & Hawley, Inc.  Henry F. Keller     16 shs.
Ctf. No. 17 Fritz & Hawley, Inc.  Gustave F. Fritz     )
    George S. Hawley     ) 2 shs.
    Henry F. Keller     )

                                                        200 shs.

## EXHIBIT B

THIS AGREEMENT made and entered into at New Haven, Connecticut, this 1st day of May, 1928, by and between GUSTAVE G. FRITZ, GEORGE S. HAWLEY and LOUIS KELLER, all of said New Haven, WITNESSETH:

WHEREAS the parties hereto are the owners of all the common capital stock of The New Haven Photo Finishing Company and desire to arrange for the sale and transfer of the stock of either in the event of death, to the survivor and avoid the necessity of negotiating therefor with decedent's estate;

NOW, THEREFORE, the parties hereto do covenant and agree with each other as follows:

1. If Louis Keller shall die first, then said Gustave G. Fritz and George S. Hawley jointly shall pay to his widow, or if there be none then to his estate, or such person as he may designate by will Five Thousand Dollars ($5,000.) plus one-third of the total amount of all the premiums paid by said Company on a policy of insurance issued on the life of said Louis Keller in which said Company is named as beneficiary, computed to the date of his death without interest, and thereupon the Four Thousand Dollars ($4,000) of common stock standing in the name of Louis Keller shall be transferred and become the property in equal shares of said Gustave G. Fritz and George S. Hawley.

2. If either Gustave G. Fritz or George S. Hawley shall die first then the survivor and said Louis Keller jointly shall pay the sum of Four Thousand Dollars ($4,000.) to decedent's widow, or if there be none then to his estate, or person designated by will, plus one-third of the total amount of all premiums paid by said Company on a policy of insurance issued on the life of said Louis Keller in which said Company is named as beneficiary, computed to the date of decedent's death without interest, and the certificates for common capital stock standing in decedent's name shall thereupon be transferred and become the property in equal shares of said Louis Keller and the other survivor.

3. If any two parties hereto shall die within thirty days of each other, then the sole survivor shall make the stipulated payments to the representatives of both decedents in the manner stated and he shall receive all of the stock formerly owned by both decedents to be his absolutely.

4. Except as provided in paragraph 3 hereof, after the death of one party hereto and the making of the payment and delivery of the stock as stipulated, then this agreement shall be terminated. If not otherwise terminated, this agreement shall end by lapse of time ten years from the date hereof.

5. The parties hereto during the life of this agreement shall not sell, transfer, pledge, encumber or suffer to permit their ownership or title to their stock to be in any way affected.

6. Said Gustave G. Fritz, George S. Hawley and Louis Keller do by these presents bind themselves, their respective heirs, executors, administrators and assigns to the faithful performance of this agreement.

The parties hereto agree at all times to execute any other papers that may be necessary or convenient in carrying out the purposes of this agreement.

IN WITNESS WHEREOF the parties have hereunto set their hands and seals at New Haven, Connecticut, the day and year first above written.

Gustave G. Fritz (Seal)
George S. Hawley (Seal)
Louis Keller (Seal)