WILLIAM A. BLODGETT, TAX COMMISSIONER, *vs.* THE NEW BRITAIN TRUST COMPANY, EXECUTOR.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued January 4th—decided March 2d, 1929.

*Donald Gaffney,* for the appellant (defendant).

*Farwell Knapp,* Inheritance Tax Attorney, with whom, on the brief, was *Benjamin W. Alling,* Attorney General, for the appellee (plaintiff).

HAINES, J. The will of Benjamin A. Hawley of New Britain was executed April 21st, 1927, and his death occurred May 10th, 1927. The will was duly probated in the Court of Probate for the District of Berlin. By the terms of the will a trust fund of $50,000 was created with the defendant Trust Company as trustee, the income of this fund to be paid to the testator's brother Amos P. Hawley of New York during the term of his life with remainder over. On or about March 24th, 1928, the executor filed a statement under oath, for the purpose of the computation of the inheritance or succession tax, and therein the age of Amos P. Hawley was given as fifty-six, and an explanatory note stated that he died February 19th, 1928. On or about April 13th, 1928, the tax commissioner made and filed with the Court of Probate, a computation of the succession tax claimed by the State of Connecticut to be due from the estate. In making this computation the commissioner determined the value of the life estate of Amos P. Hawley by the actuaries' combined experience tables on the expectancy of life of Amos P. Hawley, as of the date of the death of the testator. Upon hearing before the Court of Probate thereafter had, the defendant objected to

the ascertainment of the tax by the actuaries' combined experience tables as used by the commissioner, and claimed that no succession tax should be assessed against the $50,000 held for the benefit of Amos P. Hawley because his death had occurred prior to the computation. On April 28th, 1928, the Court of Probate adjudged that as at that date there was no life estate belonging to Amos P. Hawley because of his death prior thereto, the computation made by the commissioner based upon the experience tables, was erroneous, and that no tax could be assessed upon the life estate of Amos P. Hawley. Upon the appeal the Superior Court, reversing the decree of the Court of Probate, held that the method of computation employed by the commissioner was the correct and only method provided by the statute law of this State, and the total amount of the succession tax due from the estate to the State of Connecticut was fixed accordingly at $4,025.45 as originally computed by the commissioner.

The present appeal from the decision of the Superior Court raises a single controlling question, viz.: whether the tax must be assessed as of the date of the death of the testator and by the use of the experience tables, or whether there could be no tax because of the death of Amos P. Hawley before the actual computation was made. The defendant executor contends that as there was no life estate in fact at the time of computation, there was nothing upon which a succession tax could be based, since no tax could be assessed against an estate which did not exist and where there was no beneficial succession. It was further claimed that there is no statute in this State providing for the ascertainment of a succession tax upon a life estate where the life tenant dies before the tax is computed and decreed by the Court of Probate. Upon the facts of this case, there are persuasive considerations of

equity in these claims, but they are based upon the assumption that the date of the computation governs the question rather than the date of the death of the testator. It is true we have in this State no statute providing in terms for a situation of this kind. Legislation of this character may be found in some States, as in Massachusetts, where it is provided: "The value of an annuity or a life estate in any such property, or any interest therein less than an absolute interest, shall be determined by the 'American Experience Tables' at four per cent compound interest; but when an annuity or a life interest is terminated by the death of the annuitant or life tenant, and the tax upon such interest is not due and has not been paid in advance, the value of said interest for the purposes of taxation under this chapter shall be the amount of the annuity or income actually paid or payable to the annuitant or life tenant during the period for which he was entitled to the annuity or was in possession of the life estate." Massachusetts Cumulative Statutes, 1927, p. 267; Acts of 1924, Chap. 300, §1. Very similar provisions are made in the statutes of Ohio. G. C. Laws of Ohio (1927), §§ 5342-4. The relevant portions of the statute in force in Connecticut at the date of the death of the testator, reads as follows: "If any interest in property less than an estate in fee shall pass by will or otherwise as set forth in sections one and three of this Act to one or more beneficiaries with remainder to others, the several interests of such beneficiaries shall be subject to such tax. The value of such interest shall be determined by the actuaries' combined experience tables at four per centum compound interest. . . . The value of a remainder after such limited estate or estates shall be determined by subtracting the value of the intermediate estate or estates from the

total value of the bequest or devise." Public Acts of 1923, Chap. 190, § 11.

It will be seen that this statute is comprehensive and contains no exceptions. Upon the death of the testator, an estate was immediately vested for life in Amos P. Hawley, an estate less than a fee, passing by will to a beneficiary, with remainder over. The language of the statute therefore clearly includes this estate of Amos P. Hawley which came into existence immediately upon the death of the testator. As to all such estates, the statute is explicit and mandatory, "the . . . interests of such beneficiaries shall be subject to such tax." Had the computation been actually made two months before instead of two months after the death of the life tenant, no question could have been raised as to the applicability of the statute. We perceive no intimation of a legislative intent to distinguish these two situations, and must assume that if cases like the present one were intended to be excluded, that intent would have been indicated. If an inequitable result is reached by the application of the statute under the facts of this particular case, it may be truly answered that equally inequitable results might, under different states of fact, follow from the adoption of the views urged by the defendant. However, we are not permitted to seek out what we may conceive to be the equities of each particular case and ignore specific provisions of the statute law which clearly control them. Under such circumstances we are bound to follow the statutory provisions, and whether the results are or are not equitable, is a matter for legislative and not for judicial consideration and action. We see no escape from the conclusion that this, like all other testamentary life estates, is within the explicit language and intent of the statute. It follows that the equally explicit direction given by the

statute for computing the value of the estate and the amount of the tax, must be followed: "The value of such interest shall be determined by the actuaries' combined experience tables at four per centum compound interest."

This conclusion as to the legislative intent is strengthened when we consider the theory upon which the inheritance or succession tax is assessed in this State. The tax is not, in any sense, a tax upon property, but a tax upon the right or privilege, furnished by the State, of succession to property. "Those levies made by the State, which we familiarly call succession or inheritance taxes, have little in common with taxes as ordinarily understood. In fact they are not taxes in any true sense. They are not levied, as taxes are, either upon property or against persons. They differ from taxes, properly speaking, in that they are exactions in the nature of death duties 'to be paid to the State upon the occasion of death and the consequent transfer of ownership in the property of the decedent, through the intervening custody and administration of the law, to the persons designated by the law, through the statutes regulating wills, descents, and distributions.'" *Warner* v. *Corbin,* 91 Conn. 532, 536, 100 Atl. 354; *Silberman* v. *Blodgett,* 105 Conn. 192, 201, 202, 134 Atl. 778; *Corbin* v. *Townshend,* 92 Conn. 501, 503, 103 Atl. 647. For this reason also, the imposition of the tax is not dependent upon the existence of the decedent's property within the jurisdiction of this State, and the tax is assessed even though the property itself could not be reached for taxation by this State. *Hopkins' Appeal,* 77 Conn. 644, 652, 60 Atl. 657; *Gallup's Appeal,* 76 Conn. 617, 57 Atl. 699; *Eidman* v. *Martinez,* 184 U. S. 578, 581, 22 Sup. Ct. 515.

The right or privilege upon which the succession tax

is imposed accrued when this life interest passed to and became vested in Amos P. Hawley at the moment of the testator's death. The obligation for the tax arose at the same moment. It cannot be said that it did not arise until the time came for actually computing the tax. If any warrant in reason or in statutory interpretation could be found for so holding, it would seem to follow, as we understand the defendant to claim in this case, that although there was here a life estate which had vested under the privilege of succession granted by our law and into the enjoyment of which the life tenant had entered, yet no obligation arose to pay the tax imposed upon that privilege. This would be to write a definite exception into the statute, which in plain terms provides that "any" such estate "shall be subject to such tax." This we may not do. We have no authority to restrict the application of this statute to a particular class. *Southern Ry. Co.* v. *Machinists Local Union*, 111 Fed. 49, 57; 2 Sutherland on Statutory Construction (2d Ed.) §§366, 367; *Dewey* v. *United States*, 78 U. S. 510, 521, 20 Sup. Ct. 981; *United States* v. *Fisher*, 2 Cranch (U. S.) 358, 399; *Hamilton* v. *Rathbone*, 175 U. S. 414, 419, 20 Sup. Ct. 155. Our decision upon this feature of the case seems to us to be conclusive upon all the reasons of appeal and to make it unnecessary to give specific consideration to each of them. The decision of the Superior Court as to liability for the succession tax and its amount, as well as to the total amount of the tax due from the estate, was correctly reached upon what we hold to be a necessary interpretation of our statute, and the various reasons of appeal must therefore be overruled.

There is no error.

In this opinion the other judges concurred.