## MARY CANFIELD McPADDEN
*vs.*
## HAROLD J. MORRIS, ET ALS.

Superior Court          Fairfield County          File No. 56361

MEMORANDUM FILED DECEMBER 6, 1939.

*Alexander Delaney,* of Bridgeport, for the Plaintiff.

*Harry Schwartz* and *Edward McPadden,* of Bridgeport, for the Defendants.

O'SULLIVAN, J.   The plaintiff is the widow of Daniel McPadden, who died in 1937 while in active service as a member of the Bridgeport Police Department.   One of the defendants is Susan M. McPadden, the widowed mother of the deceased, while the others are the trustees of the Policemen's Pension Fund of the City of Bridgeport to whom both the deceased's widow and mother had applied for the pension to which each claimed to be entitled.   Both applications being

denied by the trustees, the widow instituted this action for a declaratory judgment to determine the rights of the parties.

The facts are these: In 1926, the deceased, who at the time was on the active police force, put the plaintiff, who was then married to him, out of his home and thereafter refused to permit her to return. In 1931, a divorce action instituted by him was dismissed. During the period of separation and right up to the time of his death, he continued to support her, although this was not entirely voluntary on his part. For several years before he died, he had made his home with his mother to whom he paid $10 a week for board and room. On at least one occasion he had borrowed money from her and just before his death, he had been repaying the loan at the rate of $5 a week. The mother owned the two-family house in which she lived as well as another three-family house. These properties were free of mortgage or other lien. In 1937, she had $6,696.27 on deposit in one savings bank and $200 in a United States Postal Savings account. She also had on deposit in a bank in receivership at the time of its closing $4,792.42, of which she had received $3,594.30 in dividends, and from which an additional $700 may reasonably be expected. Another son had lived with her for many years, doing the housework which she was unable to perform on account of her advanced years. For the past 20 years she has been in poor health.

The sole issue in the case is which of the two claimants, if either, is legally entitled to the pension by virtue of the act which created it.

One provision of section 116 of the Charter of the City of Bridgeport reads, in abridged form: "When any member (of the police department) shall die, the widow of such member shall, subject to the provisions hereinafter contained, receive, until her death or remarriage a monthly sum, etc. If no widow shall survive him, but if he shall be survived by a widowed dependent mother, such mother shall receive, until her death or remarriage, the amount herein provided to be received by a widow." Another provision recites: "The term 'widow', as used in this section, shall be limited in its meaning to the surviving spouse of such member who shall have been married to him and *living with him at the time of his death.*"

The italicized words furnish the barrier which the plaintiff must clear if judgment is to be rendered in her favor. She attempts to do this by asking this court to add to the language

defining a "widow" such appropriate wording as will permit the trustees to pay a pension to a widow who "if not living with the deceased, was separated from him with legal justification."

If one's personal impulse were to be followed, there would be little hesitation in pursuing this suggestion because the predicament of the plaintiff is most appealing and merits considerable sympathy.

However, a court is powerless to add to the wording of a statute which is clear and direct. It cannot seek out what it may conceive to be the equities of each particular case and ignore specific provisions of a law which clearly controls them. *Blodgett vs. New Britain Trust Co.*, 108 Conn. 715, 719. Where the language is unambiguous the judiciary is helpless to intervene even to remedy a mistake. To attempt so to do would be an unwarranted exercise of legislative functions. *Farmer vs. Bieber-Goodman Corp.*, 118 Conn. 299, 303.

The language of the charter is clear and direct. The definition accorded to the word "widow" expressly places a limitation for the class of surviving spouses who may qualify as beneficiaries of the pension plan. It excludes all those who are not living with their husbands at the time of his death. To live with another means to dwell, to reside, to make one's abiding place or home with that other. The phrase may also mean to cohabit. Webster's International Dictionary.

I accept the definition found in *Nelson's Case*, 217 Mass. 467, 469, as most in accord with sound legal logic. " 'With whom she lives'.... means living together as husband and wife in the ordinary acceptation and significance of these words in common understanding. They mean maintaining a home and living together in the same household, or actually cohabiting under conditions which would be regarded as constituting a family relation. There may be temporary absences and incidental interruptions arising out of changes in the house or town of residence, or out of travel for business or pleasure. But there must be a home and a life in it. The matrimonial abode may be a roof of their own, a hired tenement, a boarding house, a rented room or even a room in the house of a relative or friend, however humble or temporary it may be."

And in *Gallagher's Case*, 219 Mass. 140, it was held that living together does not embrace those instances where a wife is justified in law in leaving her husband or where she is actually

living apart from him, although this may be due to no fault of her own.

If the Legislature had intended by the language it used to include those widows who were separated from their husbands with cause, it could easily have added language to that effect as it did when enacting section 5156 of the General Statutes, Revision of 1930, which is concerned with the statutory share of the survivor in the estate of the deceased spouse. That section, it will be recalled, provides that such survivor shall not be entitled to the statutory share who, *without sufficient cause,* has abandoned the other and continued that status to the time of the spouse's death.

The plaintiff does not fall within the definition of a widow as the Legislature expressed itself. She was, in fact, living apart from him, in a different house in another section of the city. There is no room for interpretation. Inclined though one may be to warp the statute to meet his sympathies and to obtain an objective of less harsh character, such considerations must bow before the statutory mandate. The General Assembly has spoken and the law must be enforced as it was enacted. Under the circumstances, with real regret, I conclude that the plaintiff is not entitled to receive the benefits of the pension.

Nor is the mother of the deceased in any better position, inasmuch as she was not dependent upon her son. One cannot be said to be a dependent who has sufficient means on hand for supplying present necessities, judging these according to the class and position in life she occupies. *Blanton vs. Wheeler & Howe Co.,* 91 Conn. 226, 231.

Judgment may enter as follows: The answer to question 1 of the complaint is "No"; question 2 needs no answer. Questions 1, 2 and 3 of the cross complaint are answered "No."

No costs will be taxed against any party.