[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15085
This action is an appeal by the Commissioner of Revenue Services ("Commissioner") challenging the decision of the New London Probate Court. In a written decision dated March 26, 1998, the probate court made a determination pursuant to General Statutes § 12-367 that the succession tax due on the estate of William C. Coroley, resulting from a trust created under Article Third of the decedent's Last Will and Testament, was $75,621.00. On September 30, 1998, the probate court issued a decision confirming its March 26, 1998 order after holding a further hearing upon the Commissioner's request for reconsideration and modification.
The parties in this case have both filed motions for summary judgment. The issues before the court are whether General Statutes § 12-355 is applicable under the facts of this case, and whether the proper age to use for calculating the present value of the contingent estate was the life tenant's current age, or her age at the birthday nearest the date of death of the decedent.
The following facts are not in dispute. The decedent, William C. Coroley, died on February 10, 1997 at the age of 93. He was survived by his wife, Gertrude, who on the date of death of the decedent, was 89 years of age. The decedent's last will and testament, executed on January 27, 1997, was duly admitted to probate. Article Third of the will created a credit shelter trust. Section C of the trust gave the trustee sole discretion to pay all, some, or none of the net income and to invade the principal of the trust for Gertrude's benefit. If the trust is not depleted on the death of Gertrude, the will provides under section E of Article Third that the entire balance of the trust will pass to specific nieces and nephews.
The Commissioner contends that the provisions of Article Third create a contingency as to whom the trust principal will ultimately pass. The Commissioner argues that the trust could pass to Gertrude, or to the decedent's nieces and nephews. Concluding that Article Third is ambiguous, the Commissioner invoked General Statutes § 12-355.[1] Where it is impossible to compute the present value of an interest in property transferred or the tax cannot be determined because of a contingency as to who will take, § 12-355(a) allows the CT Page 15086 Commissioner to offer a compromise tax. In computing the compromise tax of $83,687.03, the Commissioner calculated the life use of Gertrude using her 90th birthday nearest the date of the death of the decedent, rather than her actual age of 89 on the date of the decedent's death. The fiduciary of the estate did not accept the Commissioner's compromise offer, and, before the Commissioner issued a computation "based upon the assumption that the contingencies will so resolve themselves as to lead to the highest tax possible," pursuant to § 12-355(b), the fiduciary applied to the probate court for a hearing upon the computation of the tax under General Statutes § 12-367[2]. The probate court held the hearing, and on March 26, 1998, issued an order determining that the succession tax was $75,621.00 by using the Commissioner's 1980 Standard Ordinary Mortality Table with interest at six per cent per annum as provided in General Statutes § 12-353.[3] After the probate court issued the March 26, 1998 order, the Commissioner requested that the probate court reconsider and modify the order, and another hearing was held on April 23, 1998. On April 28, 1998, the Commissioner issued a computation and assessment of $90,674.06, plus interest, based upon "the assumption that the contingencies will so resolve themselves as to lead to the highest tax possible," pursuant to General Statutes § 12-355(b). The probate court issued a decision on September 30, 1998 confirming its March 26, 1998 order regarding the computation of the tax. The probate court further found that it had jurisdiction to determine the final amount of succession tax pursuant to General Statutes §12-367.[4]
The center of the dispute between the Commissioner and the fiduciary is whether the Commissioner properly offered a compromise tax under the provisions § 12-355, or whether the Commissioner should have calculated the tax under § 12-353
based upon the life expectancy of Gertrude. Article Third of the will basically created a spendthrift trust to provide for the necessities of life for Gertrude. Article Third is also a marital deduction trust which provides that if Gertrude survived the decedent, the trust shall be a portion of the decedent's assets which "shall be the largest amount that can pass free of federal estate tax purposes." The trustee of this trust is directed "to hold said sum, in trust, to invest and reinvest . . . to pay or apply so much or all (or none) of the net income and, . . . so much or all, (or none) of the principal as my trustee in his sole discretion . . . for the benefit of . . . Gertrude." Article Third also provides that "Gertrude, the beneficiary of this trust CT Page 15087 shall not have the power to anticipate, transfer, sell, assign or encumber any payment or distribution of either principal or income to be made under the provisions of this Trust, whether by voluntary act or by operation of law." The Trust further provides that upon the death of Gertrude, the assets of the Trust shall be distributed substantially as follows: to nephew Nathan Belcher, $100,000; to niece, Sherry Ferreira, $50,000; to cousin Maerita Guertin, $100,000; to niece Audrey Beck, $50,000; to nephew, Edward Weiss, $50,000; to nephew Gary Guertin, $50,000, and the rest and remainder to niece Cynthia Layton.
The defendant fiduciary argues that § 12-355 does not apply in this case, because it is possible to compute the tax pursuant to § 12-353. The fiduciary argues that as part of his calculation of his compromise offer under § 12-355(a), the Commissioner actually used § 12-353, but improperly based his calculations on Gertrude's age as of her next birthday (90) nearest the date of the decedent's death, rather than her actual age of 89 years.
The facts in this case are similar to Blodgett v. New BritainTrust Co., 108 Conn. 715, 145 A. 56 (1929). In Blodgett, the decedent executed a will on April 21, 1927 and died on May 10, 1927. The will provided for a trust fund, the income of which was to go to the decedent's brother for life with remainder over. The decedent's brother died on February 19, 1928. The Commissioner inBlodgett computed the succession tax due the State of Connecticut on April 13, 1929, and filed his computation with the probate court. The Commissioner computed the value of the life estate from the date of death of the decedent. The trustee of the executor of the estate claimed that since the life estate terminated with the death of the life beneficiary before the computation of the succession tax, no succession tax should be levied against the estate. The court in Blodgett held that a life estate created by a will came into existence on the date of the decedent's death and any beneficial interest resulting from that estate was subject to a tax. Id., 719. The court in Blodgett
stated: "We see no escape form the conclusion that this, like all other testamentary life estates, is within the explicit language and intent of the statutes. It follows that the equally explicit direction given by the statute for computing the value of the estate and the amount of the tax, must be followed: `The value of such interest shall be determined by the actuaries' combined experience tables at four per centum compound interest.'" Id., 719-20. CT Page 15088
In the present case, as in Blodgett, the life estate of Gertrude vested at the moment of the decedent's death and the obligation to pay a succession tax arose at the same time. See id., 721. The Commissioner has shown no reason why the tax cannot be calculated under General Statutes § 12-353. The value of Gertrude's interest in the trust can be determined by use of the Commissioner's 1980 Standard Ordinary Mortality Table pursuant to General Statutes § 12-353. The value of the remaining estate is determined by deducting Gertrude's interest from the value of the entire trust. As Judge Fuller stated in Groppo v. Herzog, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 86 0080929 (November 12, 1987), "§12-353 clearly provides that to the extent that it is possible a life estate is valued based upon the mortality table referred to in the statute. That interest is then deducted from the value of the entire property to determine the value of the interest remaining after the life estate." The Commissioner's claim that the tax in this case could not be computed because of a contingency as to the identity of the taking parties is undermined by his use of the method set out in§ 12-353 as part of his computation of the compromise offer under §12-355(a). (See Defendant's Exhibit A, Commissioner's Computation Worksheet).
Section 12-355, under which the Commissioner proceeded in this case, is inapplicable since the present value of the life estate of Gertrude is not impossible to compute, nor is there a contingency as to who will take under the terms of the decedent's will that makes the tax impossible to determine under §12-353. We agree with the defendant that § 12-367(b) provides the proper authority for the probate court to make a determination of the succession taxes due on this estate. We further find that the probate court correctly calculated the tax at $75,621.00 based upon General Statutes § 12-353, using Gertrude's actual age of 89 as of the date of the decedent's death. The Commissioner has offered no persuasive authority for calculating the tax based upon Gertrude's age on the birthday nearest the date of the death of the decedent. General Statutes § 12-353 makes no provision for using the age at the nearest birthday rather than the actual age of the life tenant.
Accordingly, the defendant's motion for summary judgment is granted. The plaintiff's motion for summary judgment is denied. Judgment may enter in favor of the defendant. CT Page 15089
Arnold W. Aronson Judge Trial Referee